In the Matter of the Claim of ARTHUR LEO MACCLELLAND, Appellant, against DODGE BROTHERS and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 25, 1931.

*Sullivan & Dunn* [*Lawrence H. King* and *Daniel F. Dunn* of counsel], for the appellant.

*James A. Nooney* [*George S. Kelly* of counsel], for the respondent General Accident Assurance Corporation.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

HILL, J. The claimant was denied compensation for injuries received when the motorcycle upon which he was riding collided with an automobile on his journey from the place of employment at Port Washington, N. Y., to Coyne's Corners. He lived at Huntington, ten miles from Coyne's Corners, and twenty-two miles from Port Washington. He traveled on his own time and at his own expense from his home to the corners. When he arrived there his employment began and continued until he returned to this point at night. In addition he was paid five cents a mile for the use and expense of operation of his motorcycle. These conditions were directly agreed upon between claimant and his employer. Undoubtedly the reason for these particular terms was the requirement of his labor union that its members should travel only ten miles to and from their employment on their own time and at their own expense. In the morning on the day of the accident he arrived at Coyne's Corners at eight o'clock, his pay began, he traveled the twelve miles to the place where he worked and was paid until four-thirty o'clock in the afternoon, but he left the place of his employment at four o'clock to permit the journey to Coyne's Corners to be made within the time for which his employer paid him. The collision occurred and he received his injuries at about ten minutes past four o'clock, before he arrived at Coyne's Corners.

" The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate." (*Matter of Kowalek* v. *N. Y. Cons. R. R. Co.,* 229 N. Y. 489; *Tallon* v. *Interborough Rapid Transit Co.,* 232 id. 410; *Van Gee* v. *Korts,* 252 id. 241.)

In *Keller* v. *Reis & Donovan, Inc.* (195 App. Div. 45), in which

the conditions were quite similar, an award of compensation was reversed by this court. There the arrangement was made between a labor union and the employer, and it was not directly agreed to in the contract of employment between the parties. The doctrine declared in that case should not be extended beyond the exact conditions there found.

The decision should be reversed, with costs to the claimant against the employer and the insurance carrier to abide the event.

All concur, except RHODES, J., who dissents and votes to affirm on the ground that the injury did not arise out of and in the course of the employment. (*Tallon* v. *Interborough Rapid Transit Co.*, 232 N. Y. 410; *Keller* v. *Reis & Donovan, Inc.*, 195 App. Div. 45.)

Decision reversed and matter remitted to the State Industrial Board, with costs to the claimant against the employer and the insurance carrier to abide the event.