In the Matter of the Claim of WALTER R. NEVILLE, Respondent, against ARTHUR ANDERSEN & Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board to claimant for disability benefits. The issue is whether claimant's accidental injuries arose out of and in the course of his employment. Claimant was employed as an accountant and his employer's office was located at New York City. He was assigned to a job in Binghamton, New York. Under the terms of his employment it was optional with him whether to return to New York City for week ends or remain in the city of Binghamton. In either event the employer paid transportation charges for a return to the city, or the hotel and food bill for the week end, whichever was cheaper. On the week end in question claimant went to New York

City but did not go to his home at Baldwin, Long Island, because he arrived at the city so late at night. The following day, and without going to his home, he decided to return to Binghamton and to visit an aunt en route through New Jersey. He stopped at Lebanon, New Jersey, for that purpose and then resumed his journey to Binghamton. While on the direct route from New York City to Binghamton he became involved in an automobile accident and sustained the injuries for which an award of compensation has been made. The board has found in effect that the accident arose out of and in the course of claimant's employment. It cannot be said that this finding has no substantial evidence to support it. Indeed it is clear that while on such an outside assignment claimant was for all practical purposes continually on the payroll. The facts are quite different than those involved in the *Glickman* case (*Matter of Glickman* v. *Greater N. Y. Taxpayers,* 305 N. Y. 431), which is cited by appellants; and more nearly analogous to the *Gottshall* case (*Matter of Gottshall* v. *United Utilities & Specialty Co.,* 275 App. Div. 736). Under the terms of claimant's employment his outside work created at least a permissible necessity for travel, and hence he was in the course of his employment even though he was also serving a purpose of his own. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.