■ In the Matter of the Claim of DEWELLIA J. CORESSMANN, Appellant, against R. J. MORAN & SONS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant appeals from a decision of the Workmen's Compensation Board which reversed a referee's award and denied her claim for death benefits arising out of her employee-husband's death. The employer is a plumbing contractor and employed decedent as a plumber. Decedent resided in Buffalo, N. Y., and was engaged in employment on a construction job in Akron, N. Y., a distance of about 20 miles from the Buffalo city line. Decedent drove his own car from his home to the job and return. On the date of his death he left the job site at about 4:40 P.M., and while operating his own car on the direct route home he met instant death in an automobile collision at Clarence, N. Y, which is about 10 miles from the job site. The record is entirely barren of any evidence as to decedent's activities during the approximate one hour and 20 minutes from the time he left the job to the time of his death. There is no evidence of any deviation from the route home. In order to get its employees to work outside the city and to get them to work a full eight hours, the employer made an agreement with decedent's union that the employer would pay five cents a mile traveling expenses to each employee plus their regular hourly rate of

pay for the distance and time spent from the Buffalo city line to the job and return. Later, by agreement, this amount was reduced to a flat $16.50 per week. The board has denied an award upon the ground that decedent's accident did not arise out of and in the course of his employment, and bases the decision upon a finding that there was no agreement with the employer to provide transportation or to assume the cost thereof. It is well established and conceded by both parties that had the employer provided the actual transportation and provided a vehicle therefor, the employment would have continued during the transportation. Even when the employer does not furnish the means of transportation it has been held that the employment continues throughout the transportation where the parties to the employment contract so agree. (*Matter of MacClelland* v. *Dodge Bros.*, 233 App. Div. 504, appeal dismissed 259 N. Y. 565.) Where the work is some distance from the employee's home and the expenses of transportation are paid by the employer, it has been held that the act of traveling to and from work was within the employment. (*Matter of Neville* v. *Anderson & Co.*, 284 App. Div. 994; *Matter of Newman* v. *Public Distr.*, 282 App. Div. 1086; see also, *Matter of Sihler* v. *Lincoln-Alliance Bank*, 280 N. Y., 173.) The fact that the agreement for such transportation and compensation during travel distance from the city line to the place of work was made with the union and not directly with decedent is of no moment. The agreement of the union must be deemed the agreement of each member of the union, for whom it is acting as agent. (*Matter of Rakowski* [*Corsi*], 276 App. Div. 625.) The facts outlined above are undisputed, and we find no support in the record for a finding that there was no agreement with the employer to provide transportation or to assume the cost thereof. Decision reversed and the matter remitted to the Workmen's Compensation Board, with costs to appellant against respondents employer and carrier. Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ., concur.