■ In the Matter of the Appointment of a Member of the Committee on Character and Fitness of Applicants for Admission to the Bar for the Second and Tenth Judicial Districts.— Pursuant to the provisions of rule 1 of the Rules of Civil Practice and section 90 of the Judiciary Law, Reginald C. Smith, Esq., a practicing lawyer of Riverhead, County of Suffolk, New York, is hereby appointed a member of the Committee on Character and Fitness of applicants for admission to the Bar for the Second and Tenth Judicial Districts, in place of Guy O. Walser, Esq., deceased, to investigate the character and fitness of applicants in said judicial districts for admission to practice as attorneys and counselors at law in the courts of this State; such appointment to take effect July 8, 1958. Present — Nolan, P. J., Wenzel, Beldock, Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

## THIRD DEPARTMENT, JULY, 1958

## (July 3, 1958)

■ In the Matter of the Claim of ALFONSO DE PASQUALE, Respondent, against JOHN W. COWPER COMPANY et al., Appellants, and HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employers and insurance carrier from a decision of the Workmen's Compensation Board, dated and filed February 1, 1956. On January 12, 1955, claimant was employed by employer appellant herein as a carpenter in the construction of a school at Hamburg, New York. His working hours were from 8:00 A.M. to 4:30 P.M. with a half hour for lunch. Claimant was a member of "District Council of Buffalo, New York and Vicinity of the United Brotherhood of Carpenters and Joiners of America". In accordance with subdivision 4 of article 2 of an agreement with the Construction Industry Employer's Association, 8 cents a mile was paid for travel beyond a certain territory in and about the city of Buffalo. The location of the school at Hamburg, New York, was beyond the district as the result of which the claimant received in addition to his hourly wage 56 cents per day travel expenses, computed on the basis of 8 cents per mile traveling to and from the zone mentioned in the agreement. On the day in question the claimant finished his work at 4:30 P.M., started driving on a direct route to the city of Buffalo and about 4:45 P.M. was involved in an automobile accident within the "pay zone", as the result of which he received various injuries which are the basis of his claim for compensation herein. The evidence further showed that the pay slips of the claimant issued by the employer contained an item for traveling expenses. The only question involved here is whether the injuries sustained in the accident arose out of and in the course of the employment of the claimant and the board as a matter of fact has made such a finding in favor of the claimant. While it is not definitely stated, there is a fair inference from the record that the payment of this traveling expense beyond certain zones was an inducement and incentive to obtain necessary help for construction work. The principle has been passed upon by this court before in *Matter of Coressmann* v. *Moran & Sons* (4 A D 2d 712) which involved a similar situation under the same agreement in and about the city of Buffalo except instead of receiving so much per mile, a flat $16.50 per week was agreed upon. It seems to us that the rate per mile travel expense is stronger than an agreed amount and there was ample evidence to sustain the finding of the board. Award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.