**Garrett HANDY, Appellant,**

v.

**KENTUCKY STATE HIGHWAY DEPART-MENT et al., Appellees.**

Court of Appeals of Kentucky.

May 13, 1960.

Darnell & Johnson, Frankfort, for appellant.

James M. Graves, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment confirming an order of the Workmen's Compensation Board dismissing appellant's application seeking compensation benefits. The crucial question in the case is whether the injuries which appellant sustained arose out of and in the course of his employment with appellee.

Appellant was employed as a handy man by appellee, Department of Highways, and both he and his employer were operating under the provisions of the Workmen's Compensation Act, KRS 342.001 et seq. Appellant resided at Wellington in Menifee County, which is approximately 60 miles from the place in Lewis County where he worked for appellee. Appellant decided to commute from his home to the place of his employment. His hours of employment were from 7:30 a. m., to 4:00 p. m.

On November 8, 1957, at approximately 3:30 a. m., appellant left his home in Menifee County on his way to Lewis County. While en route to his place of employment, he lost control of his truck and was seriously injured when his truck went off the highway. There was no other vehicle involved.

The accident occurred sometime between 7:00 and 7:30 a. m., at a place located about 10 miles from his job-site. Appellant had performed no duties for appellee prior to ..his· accident, nor was he required by appellee to travel to and from his home to work each day.

Pursuant to a certain order issued by appellee on November 8, 1957, appellant was paid the sum of 30¢ an hour over his base pay because he was working in a county other than the county in which he lived. The order issued by appellee on November 8 reads as follows:

"From time to time it becomes necessary to use employees in counties other than their home county. When employees working away from their home county, if daily transportation is not furnished by the Department [appellee], will be paid 30¢ per hour in addition to the base wage rate shown for the various grades of laborers and operators."

It is urged in behalf of appellant that an employee while going to or returning from his work is actually in the course of his employment where there is either an express or implied undertaking by the employer to provide transportation or to make an allowance for the cost of transportation. If the order issued by appellee on November 8, 1957, is subject to the interpretation that appellee made an allowance to appellant for the cost of his transportation, there is some authority from other states which would support a finding that the injuries sustained by appellant were compensable. See Kobe v. Industrial Accident Commission, 35 Cal. 2d 33, 215 P.2d 736; McClelland v. Dodge Bros., 233 App.Div. 504, 253 N.Y.S. 773; 259 N.Y. 565, 182 N.E. 183; Swanson v. Latham, 92 Conn. 87, 101 A. 492.

We cannot, however, interpret the order in question as making a payment to appellant in lieu of his costs of transportation, or as an allowance for the cost of transportation. The 30¢ an hour additional compensation was added to appellant's wages whether he traveled to and from his home to work or, instead, stayed in the county where his work was located.

Therefore, it is our conclusion that appellant's injuries were not sustained in the course of his employment nor did they arise out of his employment with appellee.

Judgment affirmed.

WILLIAMS, J., not sitting.