■ In the Matter of the Claim of JOSEPH KELLY, Appellant, v HUDSON VALLEY ACOUSTICAL & PLASTERING CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 2, 1976. Claimant was employed by the Hudson Valley Acoustical and Plastering Co., Inc. (hereinafter Hudson Valley), at the site of its contract at Highlands, N. Y. Hudson Valley and the Hudson Valley District Council of Carpenters (hereinafter union) had a contract under the pertinent terms of which all employees received a flat sum of $3 a day for travel expenses irrespective of either actual mileage or the means of travel selected by the employee. On October 15, 1974, while claimant was driving directly to his home in Warwick from the job site, his automobile skidded on wet leaves on the highway. Claimant was ejected from the vehicle and received various personal injuries which form the basis

of his claim here. The referee and the majority of the board rejected the claim after finding that the $3 payment was a fringe benefit. This was apparently based on the fact that the $3 was payable to all members regardless of whether they traveled or how far they traveled to work. We disagree with the majority. The facts here are undisputed and appear, insofar as pertinent, to be identical with those found in *Matter of Coressmann v Moran & Sons* (4 AD2d 712; see, also, *Matter of De Pasquale v Cowper Co.,* 6 AD2d 909, mot for lv to app den 5 NY2d 707). This record clearly demonstrates that the travel money was provided as an inducement to employees and that the change to the flat fee system of payment from the actual mileage method was adopted solely for the convenience of Hudson Valley. This is precisely what occurred in *Coressmann (supra)* and for the same reasons. Whether or not all members were paid is not determinative. Under the agreement claimant was paid travel expenses and the agreement of the union must be deemed the agreement of each member of the union for whom it is acting as agent *(Matter of Coressmann v Moran & Sons, supra,* p 713). The record does not support the board's findings that the accident did not arise out of and in the course of claimant's employment and that the $3 payment was a fringe benefit. Decision reversed, with costs to claimant against the employer and its insurance carrier, and matter remitted for further proceedings not inconsistent herewith. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.