4   In the Matter of the Claim of FRANCIS SARACIONE, Respondent, v OLIVER CONSTRUCTION CO. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from decisions of the Workers' Compensation Board, filed December 8, 1978 and January 15, 1981. With regard to the question of whether claimant's injuries were incurred in an accident arising out of and in the course of claimant's employment, we find substantial evidence to support the board's determination in claimant's favor. It is undisputed that the employer agreed to pay claimant $3 per day for travel expenses as an inducement for claimant, who resided in Suffolk County, to accept employment in Queens County, and it is also undisputed that claimant was injured in an accident which occurred while claimant was returning home from his employment. Under such circumstances, the board's findings in its decisions filed December 8, 1978 and January 15, 1981 that the accident arose out of and in the course of employment must be affirmed (*Matter of Kelly v Hudson Val. Acoustical & Plastering Co.,* 62 AD2d 1097). Based upon the failure of appellant American Mutual Liability Insurance Co. to serve upon the employer a notice of intention not to renew its policy, the board, in its decision filed January 15, 1981, ruled that there was dual coverage on the date of the accident by American Mutual, whose policy expired prior to the accident, and Great American Insurance Co., from whom the employer obtained coverage prior to the accident. Effective July 1, 1971, subdivision 5 of section 54 of the Workers' Compensation Law was amended to provide that an insurer cannot refuse to renew a workers' compensation policy in the absence of the specified notice to the employer of its intention not to renew. An insurer's failure to comply with this provision can result in continued liability after the expiration of the policy (*Matter of Grove v Bottge,* 73 AD2d 763). Here, however, American Mutual's failure to comply with the statute did not result in a break in coverage since the employer, through its broker who was aware of American Mutual's intention not to renew, obtained from Great American a policy which was effective the day American Mutual's policy expired. The purpose of the statutory notice requirement is to protect employers from an unexpected lapse of coverage, not to provide a windfall to subsequent insurers who have assumed the risk. Accordingly, since the employer had obtained other coverage, there was no need to impose the remedy of continued liability on American Mutual for its failure to comply with the notice requirement. Thus the board's decision filed January 15, 1981 should be modified by reversing so much thereof as found dual coverage. Decision filed December 8, 1978, affirmed, without costs. Decision filed January 15, 1981, modified, by reversing so much thereof as found dual coverage, and, as so modified, affirmed, with one bill of costs to the Workers' Compensation Board and American Mutual Liability Insurance Co. against the employer and its carrier Great American Insurance Co. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.