■ RICHARD M. GARSTEN et al., Plaintiffs, v ALAN MACMURRAY et al., Defendants. (Action No. 1.) WILLIAM RICHMAN et al., Appellants, v RICHARD M. GARSTEN et al., Respondents, et al., Defendants. (Action No. 2.) (And Another Title.)—In consolidated actions, *inter alia,* to recover damages for personal injuries sustained in an automobile accident, the plaintiffs William Richman and Blanche Richman appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Hyman, J.), entered September 30, 1985, as granted the respondent Richard M. Garsten's motion to dismiss the complaint as against him, pursuant to his defense based on Workers' Compensation Law § 29, and as was in favor of the defendants Alan MacMurray and Riverhead Transit Mix, Inc. upon a jury verdict.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The trial court erred in precluding the appellants from eliciting certain testimony from the respondent Richard M. Garsten on the ground that the testimony constituted hearsay. Garsten sought to explain why he had stated on a form he filled out soon after the automobile accident that the car he was driving "skidded on an oil slick". He would have testified *that* his wife heard a report on the radio that an oil slick was involved and that she told this to him. The testimony was offered to show that Garsten's belief that there was an oil slick was based not upon his observations during the accident

but upon secondhand information. The appellants thereby sought to demonstrate Garsten's state of mind rather than the truth of the statements that there was any oil slick *(see, Matter of Bergstein v Board of Educ.,* 34 NY2d 318, 323-324; *Matter of Doreen J. v Thomas John F.,* 101 AD2d 862; Richardson, Evidence § 205 [Prince 10th ed]). Hence, the proffered testimony would not have been hearsay and the court's ruling was erroneous.

However, a review of the record indicates that the error was harmless. The respondent Alan MacMurray's attorney introduced into evidence the document containing the "oil slick" statement, and commented on it during his summation, not for the purpose of establishing that there had been an oil slick on the highway, but to demonstrate that Garsten had not claimed in that statement or at any time until after the lawsuits were commenced, that the truck driven by MacMurray precipitated Garsten's loss of control of his automobile. Garsten's explanation as to why he had made the comment about the oil slick would not have countered this argument and hence cannot be said to have influenced the jury's determination.

Under the circumstances here, it was proper for the court to decide, at the start of the trial and before the jury was selected, the issue of whether the appellant William Richman's sole remedy as against Garsten, his coemployee, was a claim pursuant to Workers' Compensation Law § 29 *(see, Shine v Duncan Petroleum Transp.,* 60 NY2d 22; *Murray v City of New York,* 43 NY2d 400, *rearg dismissed* 45 NY2d 966). The record supports the court's decision that a workers' compensation claim was Richman's sole remedy *(see, Matter of De Pasquale v Cowper Co.,* 6 AD2d 909).

We have examined the plaintiffs' remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.