[Civ. No. 3091. Second Appellate District, Division One.—December 20, 1919.]

## O. L. PAPINEAU, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—COURSE OF EMPLOYMENT—LEAVING PREMISES TO SECURE FOOD.—If an employee, during the hours of his employment, leaves the place of employment, with the knowledge, consent, and approval of his employer, for the purpose of procuring a bottle of milk to use with his lunch, as was his custom, he, while ministering unto himself, is nevertheless, in a remote sense, engaged in an act which contributes to his efficiency and furtherance of the work of his employer, and is entitled to compensation for injuries received while thus engaged.

[2] ID. — CONTROL OF ELEVATORS BY LANDLORD — USE BY PUBLIC — PREMISES OF EMPLOYER.—The facts that the elevator, the closing doors of which caught and injured such employee, was controlled by the owners of the building in which the employer conducted a barber-shop and that the elevators in the building were for the use of all persons having occasion to use them as a means of access to the building, could not affect such employee's right to compensation from his employer. Such elevators constituted an appurtenance to, and therefore a part of, the premises leased by such employer.

[3] ID.—LIABILITY OF OWNER—RELEASE BY EMPLOYEE—RIGHTS OF EMPLOYER NOT AFFECTED.—The act of such employee, without the knowledge of the employer, and before the filing of his claim with the Industrial Accident Commission, in executing to the owners of the building a release of all liability against them on account of the injury sustained, in consideration of the payment to him of a given sum of money, could not destroy the employer's right, as provided by section 26 of the Workmen's Compensation Act, to recover against the owners of such building for liability created on account of the award made by the commission in favor of the injured employee and against such employer.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

---

1. Injuries received while procuring refreshment as within compensation act, notes, L. R. A. 1916A, 320; L. R. A. 1917D, 120.

Kuster & Salisbury for Petitioner.

A. E. Graupner for Respondents.

SHAW, J.—Review of an award made to Jack Miles for injuries sustained by him while working in the capacity of bootblack and porter in the employ of petitioner, who conducted a barber-shop cn the second floor of an eleven-story building, access to the floors of which was by means of elevators controlled and operated by the owners of the building for the common use of tenants, their employees, and all persons having occasion to visit the upper floors of the building.

[1] It is conceded the evidence tends to establish the following facts: That with the knowledge, approval, and consent of his employer, it was the custom of the claimant to leave the barber-shop in the forenoon, when business was slack, and go out and purchase a bottle of milk to drink with his lunch, which he ate in the barber-shop. At the time when he was injured he had left the barber-shop on such personal errand. Upon reaching the elevator, the door of which was open, he asked the operator if he was going down, and receiving an affirmative answer, he proceeded to enter, when he was caught in the closing doors and injured.

Upon these facts petitioner insists that the injury did not arise out of, and in the course of, the employment of Miles. Three reasons are assigned for this contention: First, that the claimant had left the premises of the petititioner on a personal errand and was not engaged in the performance of any service for his employer; second, that the injury was not due to a risk incident to his employment, but caused from a peril common to all persons using the elevator; and, third, that the injury was caused by a joke perpetrated by the operator of the elevator.

While it is sometimes difficult to distinguish the line between an injury arising out of, and in the course of, employment and one which does not so arise, nevertheless, the facts here presented bring the case within the rule announced in the opinion in *Archibald* v. *Ott*, 77 Va. 448, [L. R. A. 1916D, 1013, 87 S. E. 791], wherein it is said:

"Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment." In leaving the barber-shop, with the knowledge, consent, and approval of his employer, for the purpose of procuring a bottle of milk to use with his lunch, as was his custom, the claimant, while ministering unto himself, was, nevertheless, in a remote sense, in that one who works must eat, engaged in an act which contributed to his efficiency and furtherance of the work. Thus compensation has been awarded for an accident suffered where the employee had left the performance of his work to procure drinking water. (*Keenan* v. *Flemington Coal Co.*, 5 F. 164, St. of Sess.) Other cases sustaining the rule are cited in the opinion in *Whiting-Mead Commercial Co.* v. *Industrial Acc. Com.*, 178 Cal. 505, [5 A. L. R. 1518, 173 Pac. 1105], wherein an award for an injury resulting to an employee from a burn sustained from igniting a turpentine-soaked bandage on his hand while lighting a cigarette for his personal use, was upheld.

[2] The fact that the elevator in question was controlled by the owners of the building is unimportant, for the reason that the tenant had the right, as an appurtenance of the premises leased by him, to the use of the elevator for himself and employees in going to and from the barber-shop, and hence the elevator was a part of the employer's premises. As supporting this proposition, see *Starr Piano Co.* v. *Industrial Acc. Com.*, 181 Cal. 433, [184 Pac. 860], wherein the case of *In re Sundine*, 218 Mass. 1, [L. R. A. 1916A, 318, 105 N. E. 433], is cited, which involved an award made for an injury sustained by an employee while using a stairway in going from her place of work for lunch.

That the elevators were for the use of all persons having occasion to use them as a means of access to the building could not affect claimant's right to the award. A like argument might be made with reference to injuries sustained by persons whose employment requires them to travel upon lines of railway or upon the public streets, right to recover for which is supported by ample authority.

Conceding that evidence on which petitioner relies tends in a slight degree to show that the claimant, upon entering

the car, asked the operator if he was going down, to which he, in the spirit of a joke, replied, ''No, going up,'' whereupon claimant attempted to get out of the elevator, nevertheless such evidence is inconsistent with the testimony of Miles, upon which conflict of evidence that of the latter was accepted by the commission as true. However considered, we do not think the facts approach those involved in *Coronado Beach Co.* v. *Pillsbury*, 172 Cal. 682, [L. R. A. 1916F, 1164, 158 Pac. 212], upon which petitioner relies.

[3] It appears that after the injury and before the filing of his claim with the Industrial Accident Commission, Miles, in consideration of three hundred dollars paid to him, and without petitioner's knowledge, executed to the owners of the building a release of all liability against them on account of the injury sustained. It is now urged that by such act he destroyed the employer's right, as provided by section 26 of the act, to recover against the building company for liability created on account of the award made in favor of claimant against petitioner. Except in so far as it is incidental to the inquiry, the question as to whether or not petitioner could successfully maintain an action against the building company to recover damages on account of compensation by him paid to claimant is not involved in this proceeding.

Section 26 of the act (Stats. 1917, p. 854), provides: ''When any injury for which compensation is payable under the provisions of this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this act, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages; and any employer having paid, or having become obligated to pay, compensation may bring an action against such other person to recover damages''; it being further provided that, since the employer or employee under such circumstances may sue, either thereof, upon bringing such action, is required to notify the other of such fact, and the one so notified may join as a party plaintiff, and if upon notice he fails to join as party plaintiff, his right

of action against such third party shall be barred. The employer's right of recovery in such action, to the extent of the compensation which he is obligated to pay his employee under the provisions of the act, together with attorney's fees and costs, takes precedence over that of the employee.

As we have seen, the injury was one for which Miles was entitled to an award of compensation under the provisions of the act, and conceding it was sustained under circumstances out of which a cause of action for damages arose in his favor against the building company, such cause of action, while not the subject of an assignment by him, was, nevertheless, to the limited extent specified in the statute, and by operation of law vested in the employer who, as to his interest therein, was entitled to sue thereon in the manner specified in said section. In cases of the character mentioned in section 26 the interest of the employer in the cause of action which the injured employee has against the third party whose negligent act caused the injury is in the nature of a lien thereon, which he can enforce by action in his own name and which right cannot be impaired or destroyed by any act of the injured employee not concurred in by the employer. The building company, due to whose act the injury occurred, must be deemed chargeable with notice of the fact that, under the provisions of section 26, petitioner, as the employer of Miles, had an interest in the latter's cause of action for damages which could not be divested by any act of the injured party, and hence that any settlement made with or release obtained from Miles without petitioner's concurrence could not affect the latter's right to sue for the recovery of any sum which he was obligated to pay the employee under the provisions of the act.

From what has been said it follows there is no merit in the contention that the findings are not supported by the evidence. Conceding, as claimed, that some of the findings consist of conclusions rather than findings of fact, petitioner could not have been prejudiced thereby.

The award is affirmed.

Conrey, P. J., and James, J., concurred.