[Civ. No. 11755. First Dist., Div. One. Jan. 13, 1942.]

WESTERN PIPE AND STEEL CO. OF CALIFORNIA (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and HARRIET E. HENDERSON, Respondents.

Keith & Creede for Petitioner.

Everett A. Corten and Dan Murphy, Jr., for Respondents.

PETERS, P. J.—By this review proceeding petitioner, Western Pipe and Steel Co. of California, seeks to annul a death benefit award made by the Industrial Accident Commission in favor of the widow of John H. Henderson. Henderson was employed by petitioner at the time of his death. It is urged by petitioner that the death of Henderson did not arise out of, nor did it occur in the course of, Henderson's employment.

The facts are not substantially in dispute and are as follows: The decedent was employed as a shipwright-carpenter at the shipyards of petitioner. His regular hours of work were from 8:00 a. m. to 4:30 p. m., with half an hour off for lunch. Employees were frequently required to work overtime because part of their work had to be adjusted to the tides. When they did work overtime they would work from 4:30 p. m., their normal quitting time, to 8:30 p. m., and would receive compensation for these four hours at a rate stated by petitioner to be double their regular hourly wage. Under the arrangement with petitioner the employees were permitted to take half an hour off for dinner during the four-hour overtime period, and the company paid them during this dinner period at the double time rate. The employees took this half hour for dinner at no set time, but whenever the employee in charge found it most convenient. The company maintained a cafeteria on its premises for the convenience of its employees.

If employees ate at the cafeteria the meals were paid for by the employees. The employees were free to eat elsewhere if they desired.

A fellow employee of decedent testified that on the evening in question the cafeteria was closed at the period when decedent took time off for dinner. He communicated this fact to decedent shortly before 6:00 p. m. The decedent determined to eat at a restaurant in nearby South San Francisco. He, thereupon, left in his automobile for the purpose of securing his dinner. While on this errand, and apparently while crossing the street after parking his car, he was struck by an unidentified passing motorist, and was injured so severely that he died a short time thereafter.

The commission found, and in support of its holding urges, that the death arose out of, and in the course of, the employment. The petitioner contends that the law is well-settled that an employer is not responsible for the act of, or injury to, an employee while the latter is off the premises for the purpose of securing his personal meals. There are many cases holding that injuries received by an employee while on his way to or from meals are normally not compensable. (*California C. I. Exch.* v. *Industrial Acc. Com.*, 190 Cal. 433 [213 Pac. 257]; *Peccolo* v. *City of Los Angeles*, 8 Cal. (2d) 532 [66 Pac. (2d) 651]; *Kish* v. *California S. Automobile Assn.*, 190 Cal. 246 [212 Pac. 27]; *Clapp's P. Station* v. *Industrial Acc. Com.*, 51 Cal. App. 624 [197 Pac. 369]; *Adams* v. *Tuxedo Land Co.*, 92 Cal. App. 266 [267 Pac. 926]; *Carnes* v. *Pacific Gas & Elec. Co.*, 21 Cal. App. (2d) 568 [69 Pac. (2d) 998, 70 Pac. (2d) 717]; *Helm* v. *Bagley*, 113 Cal. App. 602 [298 Pac. 826]; *Cain* v. *Marquez*, 31 Cal. App. (2d) 430 [88 Pac. (2d) 200]; *Martinelli* v. *Stabnau*, 11 Cal. App. (2d) 38 [52 Pac. (2d) 956]; *California Highway Com.* v. *Industrial Acc. Com.*, 61 Cal. App. 284 [214 Pac. 658].)

The basis of some of the cases which deny the employee compensation for injuries received while going to or from meals is that while the employee is on such an errand he is not rendering any service for his employer. Other cases recognize that this is merely one part of the so-called "going or coming" rule—*i. e.*, that injuries received while going to or coming from work normally do not arise out of, nor occur in the course of, the employment. There are, of course, many exceptions to both rules. ■ It is not indispensable to recovery that at the time of the injury an employee must be

rendering service to his employer. Acts of the employee for his personal comfort and convenience while at work, such as taking a drink of water, lighting a cigarette, warming himself, etc., do not interrupt the continuity of the employment. This exception is not limited to acts performed on the employer's premises. In *Western Pac. R. R. Co.* v. *Industrial Acc. Com.*, 193 Cal. 413 [224 Pac. 754], a messenger was struck by an automobile while returning on his bicycle to his place of employment from his home where he had gone to get his raincoat when a storm came up while he was outside performing service for his employer. The injury was held compensable. In *Leffert* v. *Industrial Acc. Com.*, 219 Cal. 710 [28 Pac. (2d) 911], the deceased employee, a salesman, was required to report each morning at the employer's plant to receive directions for the day. After getting their instructions, salesmen customarily had a cup of coffee together at a nearby coffee shop. On the morning in question the salesmen, on arrival, found the plant on fire and were directed to report at another office to receive instructions. Before going to this office the employees followed their usual custom of having a cup of coffee. The deceased, after finishing his coffee, announced his intention of returning to the burning building to retrieve his overcoat. While crossing the street to the building he was hit by an automobile. It was held that the injury was compensable, and an award denying recovery was annulled. (See, also, *Whiting-Mead Co.* v. *Industrial Acc. Com.*, 178 Cal. 505 [173 Pac. 1105, 5 A. L. R. 1518].)

There are also many exceptions to the "going and coming" rule. These exceptions need not be summarized here except to point out that in two recent decisions the Supreme Court has considerably broadened the scope of such exceptions. (*Freire* v. *Matson Navigation Co.*, 19 Cal. (2d) 8 [118 Pac. (2d) 809]; *Smith* v. *Industrial Acc. Com.*, 18 Cal. (2d) 843 [118 Pac. (2d) 6].

Although the above cases have only an indirect bearing on the specific problem involved in this proceeding, they do demonstrate that the "going and coming" rule, and the rule that the employee must be rendering service for the employer at the time of injury are not of inevitable application. The cases cited by petitioner certainly establish that injuries received while going to or coming from meals are normally not compensable. None of the cases cited, however, involved a factual and legal situation comparable to that involved in the instant case. Here we have an employee whose normal day's

work would terminate at 4:30 p. m. When he came to work in the morning he had no way of knowing whether or not he would be asked to work overtime that night, so that it was impossible to plan for his dinner. When he worked overtime, as he did on the night of his death, the overtime period started at 4:30 p. m., his normal quitting time, and continued to 8:30 p. m. He was paid double his normal hourly wage during this four-hour period. The employer apparently realized that men could not be expected to work at their highest efficiency without food during this overtime period, and for that reason agreed that they should have half an hour off for the purpose of securing their dinner. As already pointed out, normally when employees are going to or from their meals they are not rendering a service to their employers and for that reason injuries received during those periods are not compensable. But, of course, the employer may expressly or impliedly agree that service shall continue during the period the employee is going to or coming from his meals taken off the premises. ■ When the employer pays the employee at an hourly rate during his meal hours, especially when those meals are taken during an overtime period, it seems to be, and is a reasonable inference, that by such an arrangement the employer has impliedly agreed that service will continue during such period.

This is not a new or novel concept. The problem has frequently been presented in connection with cases where the employee's compensation covers the time he is going to or coming from work. In such situations the courts have quite uniformly held that injuries received while going to or from work are compensable. The problem is discussed in an annotation appearing in 87 A. L. R. 250 entitled: "Right to compensation for injury while going to or from work as affected by fact that compensation covers the time involved or cost of transportation, or both." It is there stated:

"It is a general though not invariable rule, so common as to require no citation of authority, that an injury sustained in going to or from work does not arise out of and in the course of the employment within the meaning of workmen's compensation acts.

"An exception to this rule, however, is generally recognized where the employee's compensation covers the time involved in going to or from his work, or an allowance is made for the cost of transportation." Many cases are then discussed.

Running through the cases is the thought that by agreeing to pay the employee from the time he leaves home until the time he returns, the employer has agreed that the employment shall be continuous during such period. The courts frequently emphasize that such rule has special application to cases where the employee is required to work extra hours. This thought was expressed by the United States Supreme Court in *Voehl* v. *Indemnity Ins. Co.*, 288 U. S. 162 [53 Sup. Ct. 380, 77 L. Ed. 676, 87 A. L. R. 245], at p. 169, in the following language: ''While service on regular hours at a stated place generally begins at that place, there is always room for agreement by which the service may be taken to begin earlier or elsewhere. Service in extra hours or on special errands has an element of distinction which the employer may recognize by agreeing that such service shall commence when the employee leaves his home on the duty assigned to him and shall continue until his return. An agreement to that effect may be either express or be shown by the course of business. In such case the hazards of the journey may properly be regarded as hazards of the service and hence within the purview of the Compensation Act.'' (See, also, *MacClelland* v. *Dodge Bros.*, 233 App. Div. 504 [253 N. Y. Supp. 773], appeal dismissed, 259 N. Y. 565 [182 N. E. 183] ; *Ohmen* v. *Adam Bros.*, 109 Conn. 378 [146 Atl. 825] ; *Cymbor* v. *Binder Coal Co.*, 285 Pa. 440 [132 Atl. 363] ; *Sapulpa Refining Co.* v. *State Industrial Commission*, 91 Okla. 53 [215 Pac. 933] ; and other cases cited in the A. L. R. note, *supra.*)

Obviously, if an employee is deemed to be acting in the course of his employment in going to or coming from his work when his compensation covers that time, it would seem clear that he is likewise acting within the course of his employment when his hourly wage continues during the time he is permitted to eat lunch or dinner off the premises. Certainly it can at least be said that, when the employee is required to work overtime immediately after his normal period of work, and such overtime period includes the normal eating period, and the employer agrees that the employee may eat off the premises and shall be paid during the period, the finder of the fact is justified in inferring that by such arrangement the employer has impliedly agreed that the employment shall continue and that the employee shall be deemed to be rendering service during such period.

The above discussion is based on the premise that the em-

ployee was either going to or coming from his dinner when he was killed. In its petition for rehearing, which was denied, the employer offered to prove by after-discovered evidence, that decedent, at the time he was struck, was crossing the street to his parked car after having purchased cigarettes. The evidence introduced at the original hearing was quite sketchy. It was simply that shortly before 6:00 p. m. decedent left the employer's premises for the purpose of going to South San Francisco to get his dinner, and that a very short time thereafter he was killed in South San Francisco.

Even if it be assumed that the deceased at the immediate moment was crossing the street after purchasing cigarettes, if the commission was justified in finding that the implied agreement was that service should continue during the half-hour eating period, such service would not terminate simply because the employee stopped to buy cigarettes. If such evidence had been introduced on the original hearing or on the rehearing, the commission could have found as a fact that such personal act was reasonably contemplated by the employment. In such event the act would be deemed to have arisen out of and to have occurred in the course of the employment. (*Whiting-Mead Co.* v. *Industrial Acc. Com., supra; Employers' etc. Corp.* v. *Industrial Acc. Com.,* 37 Cal. App. (2d) 567 [99 Pac. (2d) 1089].) The question is one of fact. By its denial of the petition for rehearing, it may be assumed that it was the opinion of the commission that, had the evidence in reference to the purchase of the cigarettes been introduced, nevertheless it would have found as a fact that such slight deviation did not take the employee outside his employment. Such implied finding is amply supported by reasonable inferences from the record. As was said in *Employers' etc. Corp.* v. *Industrial Acc. Com., supra,* at p. 573:

"If the particular act is reasonably contemplated by the employment, injuries received while performing it arise out of the employment, and are compensable. In determining whether a particular act is reasonably contemplated by the employment the nature of the act, the nature of the employment, the custom and usage of a particular employment, the terms of the contract of employment, and perhaps other factors should be considered. Any reasonable doubt as to whether the act is contemplated by the employment, in view of this state's policy of liberal construction in favor of the employee, should be resolved in favor of the employee."

For the foregoing reasons the award is affirmed.

Knight, J., and Ward, J., concurred.

A petition for a rehearing was denied February 11, 1942, and petitioner's application for a hearing by the Supreme Court was denied March 12, 1942. Gibson, C. J., and Houser, J., voted for a hearing.