[Civ. No. 42779. First Dist., Div. Four. Aug. 21, 1978.]

MISSION INSURANCE COMPANY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
JEAN M. FITZGERALD, Respondents.

## COUNSEL

Sedgwick, Detert, Moran & Arnold and Gerald A. Falbo for Petitioner.

Barry M. Wally for Respondents.

Abraham Virdeh as Amicus Curiae on behalf of Respondents.

## OPINION

**COOK, J.**\*—Mission Insurance Company (hereafter petitioner) seeks review of the opinion and decision, after reconsideration, of the Workers' Compensation Appeals Board (hereafter the Board) sitting en banc, which reversed the decision of a workers' compensation judge. The judge

---

\*Assigned by the Chairperson of the Judicial Council.

had found that the multiple injuries sustained by respondent Jean Fitzgerald (hereafter applicant) in an automobile accident on September 8, 1975, did not arise out of or occur in the course of her employment.

The facts are not in dispute. Applicant, age 54, was employed as a controller by Hamerslag Equipment Company, whose workers' compensation insurance was provided by petitioner.

The accident occurred during applicant's lunch hour, one and one-half miles from the employer's premises. Applicant was returning from lunch, driving her own automobile. She was not reimbursed for car expenses involved in going to and returning from lunch, nor was she compensated during her lunch period. She was not on a business errand for her employer when the accident happened.

The employer provided a lunch room for the use of its employees, but it was not equipped to serve any food. It was the practice of applicant and other employees either to bring their lunch and eat it on the premises, or, at their option, to go to restaurants at varying distances from their place of employment.

## I

### The Issue

Applicant contends that there were no restaurants within a short walking distance of the place of employment and that there was no public transportation to any of them. These circumstances required that she drive her car to a restaurant when she did not bring her lunch as was the case on the day of the accident in question. She asserts that the employer was aware of the custom of the employees driving to lunch.

The principal authorities relied on by applicant are *Hornyak* v. *Great Atlantic & Pacific Tea Company* (1973) 63 N.J. 99 [305 A.2d 65], a decision of the New Jersey Supreme Court, and *Western Greyhound Lines* v. *Industrial Acc. Com. (Brooks)* (1964) 225 Cal.App.2d 517 [37 Cal.Rptr. 580].

In *Hornyak,* the New Jersey court found, on facts similar to those in the present case, that an injury sustained while on an uncompensated lunch break, off the employer's premises, was compensable. In its majority opinion the Board stated, *"The logic of the Hornyak case is*

*persuasive."* (Italics added.) The Board further stated that the "personal comfort" doctrine is applicable to off-premises lunch breaks and that the "going and coming" rule does not apply to the lunch time absences from the premises by an employee.[1]

Petitioner contends that the Board majority's interpretations of the "personal comfort doctrine" and the "going and coming" rule correctly state New Jersey law but are not, at this time, an accurate reflection of California law.

II

The Personal Comfort Doctrine

■  The "personal comfort" doctrine holds that "the course of employment is not considered broken by certain acts relating to the personal comfort of the employee, as such acts are helpful to the employer in that they aid in efficient performance by the employee. On the other hand, acts which are found to be departures effecting a temporary abandonment of employment are not protected." (*State Comp. Ins. Fund* v. *Workmen's Comp. App. Bd.* (1967) 67 Cal.2d 925, 928 [64 Cal.Rptr. 323, 434 P.2d 619].)

■  In each of the California cases cited in support of the application of this doctrine one common factor noted in the opinions is that the employee was being paid during the time involved. *Western Greyhound Lines* v. *Industrial Acc. Com. (Brooks), supra,* 225 Cal.App.2d 517, and *Rankin* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 857 [95 Cal.Rptr. 275], are further premised on a finding of some substantial connection with the employment.

In *Western Greyhound Lines, supra,* an award finding a bus driver's injury during a coffee break compensable was affirmed, although it was incurred in a restaurant across the street from the employer's premises.

[1] The opinion of the Board was signed by four members. One of these, in her concurring opinion, stated that she concurred with the majority in their finding of compensability in the present case, but would limit the holding to its "factual situation."

Two dissenting opinions were filed. One was signed by two members. The third dissenting member, in his separate dissent, expressed his approval of *Hornyak* as stating the "preferable rule." He concluded, however, that it was not supported by California law and dissented "reluctantly."

Petitioner generally adopts the views expressed in the dissenting opinions, while applicant and amicus urge the views of the majority.

Speaking for the court, Justice Taylor stated: "Presumably, the applicant would not have been at Foster's Restaurant at Seventh and Market Streets at 1:45 a.m. had she not been working on a late night shift. She was drinking coffee because she had been driving a bus and would be again in a short time. Thus, she was exposed to the danger she encountered as a Greyhound employee. *Since she was paid during this time, her employment continued during such time* and all of the cases dealing with injuries and assaults during employment are applicable (*Pacific Indemnity Co. v. Industrial Acc. Com.,* 86 Cal.App.2d 726 . . . ; *Truck Ins. Exch. v. Industrial Acc. Com.,* 147 Cal.App.2d 460 . . . ; *California Cas. Indem. Exch. v. Industrial Acc. Com.,* 21 Cal.2d 461 . . . ; 1 Larson's Workmen's Compensation Law, p. 112). We conclude that the applicant's injuries occurred in the course of and arose out of her employment." (*Id.,* at p. 521, italics added.)

In *Rankin, supra,* the court (again Justice Taylor) stated, at page 860: "Where the cases have allowed recovery on the 'personal comfort theory' or as an exception to the 'going and coming rule,' the injuries have occurred either on the employer's premises or at a time when the employee was being compensated for his labors, or at a time when the employee was performing some special service off the premises at the instance and request of the employer and for the employer's benefit [citations]."

### III

### The Going and Coming Rule

The Board concluded that the trip away, and back to, the premises for lunch should be distinguished from the trips to and from work at the beginning and end of the work day. It relied on the reasoning expressed in *Hornyak v. Great Atlantic & Pacific Tea Company, supra,* 305 A.2d 65. It concluded that the "going and coming" rule was not applicable to the lunch period break.

In *Arboleda v. Workmen's Comp. App. Bd.* (1967) 253 Cal.App.2d 481 [61 Cal.Rptr. 505], the order of the board denying an award of death benefits to the widow of an employee who was killed in an automobile accident on his way to work was affirmed, despite the fact that the employee was reporting for his second shift of the day because he worked a split shift. The court stated: "The law as it now stands imposes on the employee the not inconsiderable risks of present day traffic conditions

between his home and his place of employment. (See *Kobe v. Industrial Acc. Com.,* 35 Cal.2d 33 . . . .) *It also imposes these risks upon him when he leaves the employer's premises during a lunch period.* (See *Western Pipe etc. Co.* v. *Industrial Acc. Com.,* 49 Cal.App.2d 108 [121 P.2d 35].) The law, in fact, imposes on the employee all of the risks which he encounters after he leaves the service of the employer, the place of work and its special risks, and goes beyond the dominion and control of the employer. (See *Liberty Mut. Ins. Co.* v. *Industrial Acc. Com.,* 39 Cal.2d 512. . . .) In all of these cases it cannot be denied that the trip to and from the employer's premises places the employee in a position of peril in which he would not have been but for his employment. The Legislature has not seen fit to shift any of these risks to the employer." (*Id.,* at p. 483.) "Petitioner here comes squarely within the going and coming rule. '[T]he going and coming rule rests upon the basis that the employer-employee relationship lapses during the employee's off-duty absence from the job.' (*Zenith Nat. Ins. Co.* v. *Workmen's Comp. Appeals Board* (1967) 66 Cal.2d 944. . . .) As the court said in the case just cited, quoting from 2 Hanna, The Law of Employee Injuries and Workmen's Compensation, page 175: 'Whether deemed a suspension of the employment relationship or a cessation of service to the employer, the situation is one in which the employee steps out of the course of his employment for the off-duty period, and injuries during such a period, in the absence of special arrangements with the employer, fall under the ban of the "going and coming" rule.' Petitioner has not shown that he comes within any recognized exception to that rule." (*Id.,* at pp. 485-486.)

In *Western Pipe etc. Co.* v. *Ind. Acc. Com. (Henderson)* (1942) 49 Cal.App.2d 108 [121 P.2d 35], the employee was fatally injured by a motorist during his dinner break and the court upheld the finding of the trier of fact that the employer, by paying wages during the dinner hour, had impliedly agreed that the employment should continue and the employee should be deemed to be rendering service during such period; therefore, his injury arose out of and occurred in the course of employment. The court discussed the general area of law and reasoned as follows, at pages 110-111: "The commission found, and in support of its holding urges, that the death arose out of, and in the course of, the employment. The petitioner contends that the law is well-settled that an employer is not responsible for the act of, or injury to, an employee while the latter is off the premises for the purpose of securing his personal meals. There are many cases holding that injuries received by an employee while on his way to or from meals are normally not compensable. (*California C. I. Exch.* v. *Industrial Acc. Com.,* 190 Cal. 433

. . . ; *Peccolo* v. *City of Los Angeles,* 8 Cal. (2d) 532 . . . ; *Kish* v. *California S. Automobile Assn.,* 190 Cal. 246 . . . ; *Clapp's P. Station* v. *Industrial Acc. Com.,* 51 Cal.App. 624 . . . ; *Adams* v. *Tuxedo Land Co.,* 92 Cal.App. 266 . . . ; *Carnes* v. *Pacific Gas & Elec. Co.,* 21 Cal. App. (2d) 568 . . . ; *Helm* v. *Bagley,* 113 Cal.App. 602 . . . ; *Cain* v. *Marquez,* 31 Cal.App. (2d) 430 . . . ; *Martinelli* v. *Stabnau,* 11 Cal.App. (2d) 38 . . . ; *California Highway Com.* v. *Industrial Acc. Com.,* 61 Cal.App. 284. ... .) [¶] The basis of some of the cases which deny the employee compensation for injuries received while going to or from meals is that while the employee is on such an errand, he is not rendering any service for his employer. Other cases recognize that this is merely one part of the so-called 'going or coming' rule—*i.e.,* that injuries received while going to or coming from work normally do not arise out of, nor occur in the course of, the employment. . . . The cases cited by petitioner certainly establish that injuries received while going to or coming from meals are normally not compensable. None of the cases cited, however, involved a factual and legal situation comparable to that involved in the instant case."

## IV

Having examined applicable California law relating to the "personal comfort" doctrine and the "going and coming" rule we look for factual bases to sustain the findings of the Board and find none.

Applicant was neither compensated during her lunch period nor reimbursed for her automobile expenses.

It cannot be said that the employer received any greater benefit from applicant on the days when she left the premises to buy and eat her lunch than on those days when she brought her lunch and ate it in the lunch room provided.

The distinction made by the Board between an employee's off-premises trips for lunch and those made at the beginning and end of each day, in the normal commute, have not been made in any California cases. This distinction was based on the New Jersey Supreme Court's (*Hornyak*) conclusion that the employer exercised a greater degree of control over the employee's time during the lunch period than when the employee leaves the premises at the end of the work day.

We do not agree with this distinction. The employer also controls the time of coming to work at the beginning of the work day as well as the time of leaving at the end of that day.

While it may appear arbitrary that an employee who is paid during his or her lunch hour might be compensated for an injury such as this, while one whose hourly wage does not include the lunch hour is not compensated, a line must be drawn. In *General Ins. Co. v. Workers' Comp. Appeals Bd. (Chairez)* (1976) 16 Cal.3d 595 [128 Cal.Rptr. 417, 546 P.2d 1361], the Supreme Court held noncompensable the death of an employee who was killed getting out of his car in front of his place of employment to go in at an early hour to make coffee for fellow employees. The court discussed the "premises line" as the objective standard to measure the going and coming rule, stating at page 599: "The 'premises line' has the advantage of enabling courts to ascertain the point at which employment begins—objectively and fairly. This outweighs the disadvantages incurred by attempting to formulate and apply a subjective rule justly. As Professor Larson has so clearly pointed out, '[i]t is a familiar problem in law when a sharp, objective, and perhaps somewhat arbitrary line has been drawn . . . to encounter demands that the line be blurred a little to take care of the closest cases. For example, one writer says that there is no reason in principle why states should not protect employees "for a reasonable distance" before reaching or after leaving the employer's premises. This, however, only raises a new problem . . . because it provides no standard by which the reasonableness of the distance can be judged. It substitutes the widely-varying subjective interpretation of "reasonable distance" by different administrators and judges for the physical fact of a boundary line. At the same time, it does not solve the original problem, because each time the premises are extended a "reasonable distance," there will inevitably arise new cases only slightly beyond that point—and the cry of unfairness of drawing distinctions based on only a few feet of distance will once more be heard.' (1 Larson, *supra*, § 15.12, pp. 4-5—4-6; fn. omitted.)"

We conclude that the Board has erred in finding that applicant's injury off the employer's premises during a noncompensated lunch hour arose out of and occurred in the course of her employment, and has failed to follow California case law precedent.

The decision of the Board is annulled.

Caldecott, P. J., and Rattigan, J., concurred.

The petition of respondent Fitzgerald for a hearing by the Supreme Court was denied October 25, 1978. Bird, C. J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.