[Civ. No. 67039. Second Dist., Div. Five. July 26, 1983.]

COUNTY OF LOS ANGELES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
BARBARA JEAN SWIFT et al., Respondents.

**COUNSEL**

John H. Larson, County Counsel, and Daniel E. McCoy, Deputy County Counsel, for Petitioner.

Lemaire, Faunce & Katznelson, Edward L. Faunce, Jeffrey L. Linnetz, Mark Ellis Singer, Thelen, Marrin, Johnson & Bridges, James W. Baldwin, Victoria B. Naidorf and Robert W. Loeffler for Respondents.

## Opinion

**ASHBY, J.**—Petitioner County of Los Angeles (County) seeks review of a finding that respondent Barbara Jean Swift (applicant) sustained injuries arising out of and occurring in the course of her employment with County on March 26, 1979. We annul the finding and award thereon, and remand the matter to the Workers' Compensation Appeals Board (the Board).

### Facts

Applicant filed an application for adjudication of claim alleging injury arising out of and occurring in the course of her employment with County on March 26, 1979, to her right upper extremity, brain, internal organs and both eyes. The injury occurred on her lunch break when an auto crashed into the food stand where applicant was eating lunch. County denied that the injury arose out of and occurred in the course of employment.

The case was submitted on the basis of applicant's deposition testimony of June 16, 1980, and certain stipulations, which established the following facts: At the time of the injury she worked for County at the Compton Health Center as an intermediate clerk typist. Her work hours were from 8 a.m. to 4:30 p.m. She worked seven and a half hours daily but was paid for eight so that she had two paid fifteen-minute coffee breaks.

Applicant's lunch period was scheduled for a half hour, which was not paid. Applicant would usually work through both coffee breaks so that she could take a full hour lunch break. Before leaving for lunch, applicant would check with her supervisor to make sure that an adequate number of employees remained to take phone calls.

At the time of the accident, applicant and a coworker were eating lunch at Era's Submarine Sandwiches restaurant. Applicant's coworker drove applicant from the county office to the restaurant. The accident occurred when an automobile driven by a man under the influence of the drug PCP crashed into the restaurant. The driver of the car had no connection to applicant, to County or to the restaurant.

The workers' compensation judge (the WCJ) found applicant's injuries to be compensable based on the theory that one-half of applicant's lunch break, which applicant took in lieu of two coffee breaks, was compensated. The Board denied County's petition for reconsideration.

### ISSUE

■ The issue presented herein is whether an injury during a lunch break, which is extended in lieu of two compensated coffee breaks, is industrial.

### DISCUSSION

To be compensable, an injury must occur "in the course of the employment." (Lab. Code, § 3600; *Parks v. Workers' Comp. Appeals Bd.* (1983) 33 Cal.3d 585, 589 [190 Cal.Rptr. 158, 660 P.2d 382].) ■ The "going and coming rule" exempts injuries occurring while an applicant is engaged in off-duty travel to and from the employer's premises (*Parks v. Workers' Comp. Appeals Bd., supra,* at p. 589), while the "personal comfort" doctrine allows an exception to the "going and coming" rule for acts of the employee performed off the employer's premises for the employee's personal comfort and gain, under circumstances which also benefit the employer. (*Western Greyhound Lines v. Industrial Acc. Com.* (1964) 225 Cal.App.2d 517 [37 Cal.Rptr. 580].) "It is well settled that 'any reasonable doubt as to the applicability of the going and coming doctrine must be resolved in the employee's favor.'" (*Parks v. Workers' Comp. Appeals Bd., supra,* 33 Cal.3d at p. 593, quoting from *Hinojosa v. Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 155-156 [104 Cal.Rptr. 456, 501 P.2d 1176].)

■ The courts have determined that injuries occurring during an uncompensated lunch break are barred by the "going and coming" rule (*Mission Ins. Co. v. Workers' Comp. Appeals Bd. (Fitzgerald)* (1978) 84 Cal.App.3d 50 [148 Cal.Rptr. 292]), while injuries occurring during a compensated lunch hour fall within the "personal comfort" exception to the "going and coming" rule because of a benefit to the employer. (*Western Greyhound Lines v. Industrial Acc. Com., supra,* 225 Cal.App.2d at p. 521.) "When the employer pays the employee at an hourly rate during his meal hours, . . . it seems to be, and is a reasonable inference, that by such an arrangement the employer has impliedly agreed that service will continue during such period." (*Western Pipe etc. Co. v. Ind. Acc. Com.* (1942) 49 Cal.App.2d 108, 112 [121 P.2d 35].)

The more problematical cases involve those injuries occurring where an employee rearranges his work schedule so that he works through his "break" periods and takes other time off work instead.

In the present case, the WCJ relied on *Rankin* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 857 [95 Cal.Rptr. 275], which held that an injury occurring during a normally uncompensated lunch hour was compensable under the "personal comfort doctrine" where the applicant, who was working during her lunch hour to make up time she had previously taken off for personal reasons, was injured while obtaining sandwiches from a shop across the street from the employer's premises.

County contends that applicant's normal half-hour lunch period was not compensated and County received no benefit from applicant by allowing applicant to skip her coffee break in order to extend her lunch period. County argues that the facts herein are, therefore, distinguishable from *Rankin* and are more similar to the facts in *Mission Ins. Co.* v. *Workers' Comp. Appeals Bd.* (*Fitzgerald*), *supra,* 84 Cal.App.3d 50. We agree.

In *Fitzgerald,* the applicant was injured during her lunch hour. She was not compensated for her lunch hour and was not on a business errand at the time of her injury. She contended that her injuries were industrial because, while the employer provided a lunch room, the employer did not serve any food there. Also, since there were no restaurants within walking distance of the employer's premises and no public transportation to local restaurants, the applicant was obligated to drive when she went out to lunch.

The court concluded: "It cannot be said that the employer received any greater benefit from applicant on the days when she left the premises to buy and eat her lunch than on those days when she brought her lunch and ate it in the lunch room provided." (*Mission Ins. Co.* v. *Workers' Comp. Appeals Bd.* (*Fitzgerald*), *supra,* 84 Cal.App.3d at p. 56.)

We agree with County that the facts herein are more analogous to the facts in *Fitzgerald* than to those in *Rankin.* The only significant similarity we find between *Rankin* and the instant case is that each employee had made a special arrangement with the employer's permission to rearrange her work schedule so that she could work through her break time and thereby be compensated for additional time off work. However, in *Rankin,* the employee was injured during the period in which she was working, not during the period she was off work. In *Rankin,* the employee "took about five minutes off to run across the street for sandwiches. *She intended to resume work immediately upon her return and to eat while working. . . . [T]he*

*entire hour of work was to be performed for the benefit of the county, . . ."*
(*Rankin v. Workmen's Comp. Appeals Bd., supra,* 17 Cal.App.3d at p. 861;
italics in original.) Thus, the employee in *Rankin* was performing her normal services for her employer during the lunch break period and her short trip across the street to obtain sandwiches was to facilitate her continued working. In the instant case, applicant was not injured during the period she was performing a service for the employer. Rather, she was injured during her off-duty lunch hour away from the employer's premises under circumstances totally unrelated to her employment and over which her employer had no control.

■■■ We do not believe the requirement that an injury occur in the "course of employment" is met where the employer's only connection to the injury is to allow an employee to rearrange her work time and off-duty time for the employee's convenience or benefit. As the court stated in *Fitzgerald,* "It cannot be said that the employer received any greater benefit from applicant on the days when she left the premises to buy and eat her lunch than on those days when she brought her lunch and ate it in the lunch room provided." (*Mission Ins. Co.* v. *Workers' Comp. Appeals Bd.* (*Fitzgerald*), *supra,* 84 Cal.App.3d at p. 56.)

To conclude differently would expose employers to a myriad of additional dangers during paid absences under circumstances where employers receive no benefit from and have no control over absent employees' activities.

For the foregoing reasons, we annul the Board's finding that the injuries herein arose out of and occurred in the course of employment and remand the matter to the Board.

Feinerman, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied August 25, 1983, and the opinion was modified to read as printed above. The petition of respondent Swift for a hearing by the Supreme Court was denied September 21, 1983.