[No. E002195. Fourth Dist., Div. Two. Dec. 12, 1985.]

JOSEPH HINKLE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
KIRK MAYER, INC., et al., Respondents.

COUNSEL

Elliot S. Berkowitz and John J. Waters for Petitioner.

Mark & Bolson and Stephen J. Serembe for Respondents.

## OPINION

**KAUFMAN, Acting P. J.**—Petitioner (sometimes herein called applicant) seeks review of an opinion and order of the Workers' Compensation Appeals Board (WCAB or Board) denying his petition for reconsideration of an order by a Workers' Compensation Judge (WCJ) which determined petitioner had not proved his injury arose out of and occurred in the course of his employment and that therefore he was not entitled to benefits.

This court initially denied the petition for writ of review on the ground the petition was not timely filed. However, the California Supreme Court granted review and retransferred the case to this court with directions to issue a writ of review citing *Villa* v. *Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d 1076 [203 Cal.Rptr. 26], which held the time for filing a petition for writ of review is extended by the provisions of Code of Civil Procedure section 1013. (*Id.*, at pp. 1078-1079.) We issued the writ of review as directed, and the matter is now before us for disposition.

The decision of the Board was rendered by a three-member panel, which divided two to one. Both the majority opinion and the dissenting opinion are well done; however, after studying the applicable law, we have concluded the majority opinion is correct. We do not believe we could improve on the analysis or discussion and application of the law in the majority opinion and therefore adopt it as the decision of this court. For convenience we set it forth here in full with minor alterations where appropriate to standardize its form and style, deleting the first sentence, order and the signatures.

"In pertinent part, [the] decision [of the WCJ] determined that, on November 6, 1981, applicant did not sustain injury arising out of and occurring in the course of his employment as an electrical mechanical design engineer by Kirk Mayer, Inc. Applicant contends (1) that his injuries, sustained while returning from collecting and depositing a paycheck, are within the course of his employment and compensable; and (2) that the liberal construction provision of Labor Code Section 3202 allows the act of cashing a check to be found as within the course of employment.

"We turn first to the evidence.

"Applicant worked as an electrical mechanical design engineer for Kirk Mayer, Inc., a consulting firm which contracts out its employees to others.

Those who are contracted out remain on the Kirk Mayer payroll and are paid by it. They are not paid for their lunch period.

"Kirk Mayer's payment policy for its 'farmed out' employees is to mail the weekly paycheck to wherever the employee desires. Applicant testified that, 'for his convenience,' he had the check mailed to a post office box in the Los Angeles Airport area which was near his credit union.

"At the time of injury, applicant had been hired out by Kirk Mayer to work at Mattel. The normal lunch hour at Mattel was noon to one p.m. However, on Fridays, it was Mattel's policy to add an extra one-half hour to its employees' lunch break. This policy enabled its employees to go to the bank to deposit their weekly paychecks, which were distributed at work prior to lunch time on Friday. Although applicant was not a Mattel employee, he was allowed to take the additional one-half hour on Fridays. If he did so, no money was deducted from his pay.

"On Friday, November 6, 1981, applicant drove to his post office box, picked up his paycheck, drove to his credit union, and deposited his check. As he was returning to Mattel, he had a car accident in which he sustained injury. Applicant estimated that the accident occurred sometime between noon and one o'clock.

"Based on the foregoing evidence, the WCJ found applicant's injuries to be non-compensable. We agree.

■ "It is well established that injuries sustained during an unpaid, off-premises lunch period are not compensable. (*Peccolo* v. *City of Los Angeles* (1937) 8 Cal.2d 532 [66 P.2d 651]; *Duncan* v. *Workers' Comp. Appeals Bd.* (1983) 150 Cal.App.3d 117 [197 Cal.Rptr. 474]; *County of Los Angeles* v. *Workers' Comp. Appeals Bd. (Swift)* (1983) 145 Cal.App.3d 418 [193 Cal.Rptr. 374]; *Mission Ins. Co.* v. *Workers' Comp. Appeals Bd. (Fitzgerald)* (1978) 84 Cal.App.3d 50 [148 Cal.Rptr. 292].) Here, applicant expressly testified that he was not paid for his lunch period, that this period was from noon to one p.m., and that it was during this time that his injury was sustained. ■ The burden of establishing a compensable injury falls on the applicant and, to prevail, he must prove compensability by a preponderance of the evidence. (Lab. Code § 3202.5.) ■ Here, applicant's own, uncontradicted testimony establishes that his injuries were sustained during his uncompensated, off-premises lunch period. His injuries were thus not in the course of his employment and applicant has no entitlement to benefits.

"It is immaterial that on Fridays applicant was permitted to extend his usual lunch period by one-half hour without loss of pay. First, as just discussed, applicant's undisputed testimony was that his accident occurred during his regular uncompensated lunch hour, not during the one-half hour extension period. Moreover, even had applicant's accident taken place during the extended time, that eventuality would not serve to make his injury compensable.

■ "For an injury to be within the scope of the 'course of employment' under Labor Code Section 3600, the circumstances of its occurrence must bear a reasonable relationship in time and place to the worker's employment. (*Pacific Indem. Co.* v. *Industrial Acc. Com. (Henslick)* (1946) 28 Cal.2d 329 [170 P.2d 18]; *Argonaut Ins. Co.* v. *Workmen's Comp. App. Bd. (Helm)* (1967) 247 Cal.App.2d 669 [55 Cal.Rptr. 810].) ■ The essential rule is that an off-duty personal activity, transpiring in an area beyond the employer's dominion and control and yielding neither advantage nor benefit to the employer, is not within the course of employment. (*Liberty Mut. Ins. Co.* v. *Ind. Acc. Com. (Dahler)* (1952) 39 Cal.2d 512 [247 P.2d 697].) As *Swift, supra,* 145 Cal.App.3d 418 demonstrates, this rule applies even though the employee is receiving partial payment for such activity.

"In *Swift,* the applicant was injured on her lunch break when a car crashed into a food stand where she was eating lunch. Swift's scheduled lunch period was for one-half hour, for which she was not paid. However, by an arrangement with her employer, she would usually work through her two paid coffee breaks so that she could extend her lunch break by one-half hour. She was on such a partially paid lunch break at the time her injuries were sustained.

"Finding Swift's injuries to be non-compensable, the court noted that the applicant was 'not injured during the period she was performing a service to the employer. Rather, she was injured during her off-duty lunch hour away from the employer's premises under circumstances totally unrelated to her employment and over which the employer had no control.' (*Swift, supra,* 145 Cal.App.3d at p. 423.) The court held that the 'course of employment' requirement is not met 'where the employer's only connection to the injury is to allow an employee to rearrange her work time and off-duty time for the employee's convenience or benefit.' (*Id.*) It concluded that to hold differently 'would expose employers to a myriad of additional dangers during paid absences under circumstances where employers receive no benefit from and have no control over absent employees' activities.' (*Id.*)

"Similarly, here, the fact that, once a week, a benevolent employer allowed a one-hour unpaid lunch period to be extended to one-and-a-half hours, without loss of pay, does not change the basic character of the off-premises lunch period. As in *Swift,* the injuries here occurred at a place removed from the employer's premises over which the employer had no authority. Moreover, again as in *Swift,* there is no evidence that applicant was rendering any service benefiting his employer during the extended lunch period or that the employer exerted any control over applicant's activities and movements during that time.[1] Consonant with *Swift,* the allowance here of an additional one-half hour to the lunch period without loss of pay should not extend the employment risk. Since applicant's employer's only connection to his injury was that it allowed applicant some additional off-duty time for *his* convenience and benefit, the injuries are non-compensable.

"It is also immaterial that applicant was using his lunch break to pick up his paycheck at the post office. ■ While injuries sustained by an employee as he proceeds to the place *specified by his employer* for collection of payment may be compensable, (*Argonaut Ins. Co.* v. *Industrial Acc. Com. (Cuddy)* (1963) 221 Cal.App.2d 140 [34 Cal.Rptr. 206]), an employee is not acting within the course of his employment where, for his own convenience, he picks up his check at a time and place which he, and not his employer, specifies. (*Robbins* v. *Yellow Cab Co.* (1948) 85 Cal.App.2d 811 [193 P.2d 956]; *Fireman's F. Indem. Co.* v. *Indus. Acc. Com. (Novak)* (1932) 123 Cal.App. 142 [11 P.2d 1114].)[2] Here, applicant was not acting under the direction, instruction, or control of the employer in picking up his paycheck. To the contrary, applicant's journey to collect and cash his check resulted from a payment arrangement which, according to applicant's own testimony, was made purely 'for his convenience.' It was applicant, not his employer, who requested that the check be mailed to his post office box. Thus, applicant's injuries cannot be held compensable on these grounds."

---

"[1]It nowhere appears that applicant was required to cash his check during his extended lunch period."

"[2]We note that the cases cited [] in support of [the] second premise for compensability each involved instances where the workers were waiting to receive payment, or were proceeding to receive payment, in accordance with the express directions of their employers. In *Cuddy, supra,* the applicant was fatally injured as he was driving from a remote mountain construction site to the post office in town where he and his co-employees had been instructed to pick up their final paychecks. In *Pacific Indem. Co.* v. *Ind. Acc. Com. (Vallez)* (1945) 26 Cal.2d 509 [159 P.2d 625], the deceased grape pickers had finished their work at noon and were told to pick up their pay at the office after one o'clock. They drowned around 12:40 p.m. in a reservoir on the employer's premises while washing up, awaiting to present their weekly timecards. In *Bethlehem Steel Co.* v. *Ind. Acc. Com. (Seaquist)* (1945) 70 Cal.App.2d 382 [161 P.2d 59], applicant was injured when he tripped while proceeding to pick up a war savings bond (purchased through wage-withholding) at the location and within the time specified in a notice given to him by his employer."

*Disposition*

Board's "OPINION AND ORDER DENYING RECONSIDERATION" dated May 10, 1985, is affirmed.

McDaniel, J., and Rickles, J., concurred.