[Civ. No. 21622.   First Dist., Div. Two.   Mar. 12, 1964.]

WESTERN GREYHOUND LINES, Petitioner, v. INDUS-
TRIAL ACCIDENT COMMISSION and GENEVA I.
BROOKS, Respondents.

Henry G. Sanford for Petitioner.

Everett A. Corten and Robert A. Borgen for Respondents.

TAYLOR, J.—This case comes before us on a writ of review to determine the legality of an order of the Industrial Accident Commission awarding temporary disability to applicant, Geneva I. Brooks, employed by petitioner, Western Greyhound Lines, at the time she was injured. It is urged by the petitioner that the applicant did not prove, as required by Labor Code section 3600, that her injuries arose out of and occurred in the course of her employment and that the commission's order should therefore be annulled.

The undisputed facts are as follows: On October 3, 1962, the applicant was employed as a bus driver for Greyhound. Her hours of employment were from 5 p.m. to 5 a.m. At 1:45 a.m., she had completed a trip to San Francisco from

Marin County and during her 41-minute layover left the Greyhound bus station at Seventh Street, crossed Seventh and walked about half a block to Foster's Restaurant at the corner of Seventh and Market Streets. She purchased a cup of coffee and sat down at a table where a man unknown to her attempted to converse. Upon her refusal to talk to him, the man attacked applicant causing her disability. She was dressed in her driver's uniform but there is no showing that the assailant was motivated by this fact. The restaurant at the bus depot closes at midnight. However, a snack bar and a coffee vending machine were available on the premises of the depot and a restroom with chairs and benches is located inside the bus terminal. The coffee sold at the snack bar is sometimes good and sometimes bad. Greyhound bus drivers are permitted to leave the premises during the layover period and they are accustomed to going to Foster's Restaurant for coffee, particularly after the restaurant in the bus depot is closed. Greyhound's operating supervisor knew that drivers went to Foster's for coffee. The commission found that the applicant's disability arose out of and in the course of employment and made an award for temporary disability.

The petitioner contends that the applicant's errand was entirely for her own pleasure and was unrelated in any way to her employment.

The commission properly relies on *Western Pipe & Steel Co.* v. *Industrial Accident Com.*, 49 Cal.App.2d 108 [121 P.2d 35], to support its award. There, the employee, a shipwright-carpenter, was allowed a half-hour off for dinner during a four-hour overtime period from 4:30 p.m. to 8:30 p.m., for which he was given double pay. The cafeteria on the premises was closed. The employee left the premises to dine at a restaurant located a few miles away and was killed while crossing the street after having parked his car. The court held, in sustaining the commission's order granting a death benefit, that *it was not indispensable to recovery that the employee should be rendering service to the employer.* The opinion relies on a line of cases which hold that where the employer pays transportation to and from work, by implied agreement, the employment may be found to continue from the time the employee leaves home until his return (87 A.L.R. 250). The court also approved the commission's denial of the employer's petition for a rehearing and commented that the commission would be justified in finding, as

a matter of fact, that a slight deviation, such as crossing the street for cigarettes at the time of the accident, as had been alleged, was reasonably contemplated by the employment and would not take an employee outside his employment. This case had been cited with approval by the Supreme Court on several occasions (*Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 26 Cal.2d 286 [158 P.2d 9, 159 A.L.R. 313] ; *Reinert* v. *Industrial Acc. Com.*, 46 Cal.2d 349 [294 P.2d 713] ; *Leffert* v. *Industrial Acc. Com.*, 219 Cal. 710 [28 P.2d 911]).

■ We do not agree, as contended by the petitioner, that the holding in *Western Pipe & Steel Co.* hinges upon the payment of double pay for overtime. The court said at page 113 : "Obviously, if an employee is deemed to be acting in the course of his employment in going to or coming from his work when his compensation covers that time, it would seem clear that he is likewise acting within the course of his employment *when his hourly wage continues* during the time he is permitted to eat lunch or dinner off the premises." (Italics added.) In *Kobe* v. *Industrial Acc. Com.*, 35 Cal.2d 33 [215 P.2d 736], our Supreme Court approvingly quoted from *Western Pipe & Steel Co.* as follows : " '*When the employer pays the employee at an hourly rate during his meal hours . . .* it seems to be, and is a reasonable inference, that by such an arrangement the employer has impliedly agreed that service will continue during such period.' " (P. 35.) (Italics added.) The words "especially when those meals are taken during an overtime period" were pointedly omitted from the quotation.

■ It has been held that acts of the employee for his personal comfort and gain while at work, even though performed off the employer's premises, may not interrupt the continuity of employment, particularly where the employee's comfort is also of benefit to the employer. (*Western Pac. R.R. Co.* v. *Industrial Acc. Com.*, 193 Cal. 413 [224 P. 754] ; *Leffert* v. *Industrial Acc. Com.*, 219 Cal. 710 [28 P.2d 911].) Here the commission could well have concluded that it was very much to the advantage of the employer for the bus driver to refresh herself with a cup of coffee at 1:45 a.m. before leaving on the next run.

■ The petitioner contends that since coffee was readily available on Greyhound's premises, the commission's order should be nullified. We cannot agree. In *Western Pipe & Steel Co.*, the court placed no particular significance in the fact that the company cafeteria happened to be closed, and it

would seem immaterial where the employer consented to the employees leaving the premises during the hours of employment. The evidence was that the coffee at the snack bar was not uniformly good. ■ Not only did Greyhound permit its drivers to leave the station during the layover periods but it was customary for many of them to have coffee at Foster's. In view of the proximity of the restaurant to the depot, it may be inferred that Greyhound was cognizant of this practice. In fact, their operating supervisor admitted that he knew of the custom. Under these circumstances, it would seem unreasonably restrictive to deny employees the benefits of the Workmen's Compensation Act simply because they chose to have coffee in the more relaxing atmosphere of a nearby restaurant rather than from a vending machine or snack bar located on the company premises. As pointed out by Mr. Justice Peters in *Western Pipe & Steel Co.* when referring to the allegation that the employee's injury occurred while he was crossing the street to obtain cigarettes, such slight deviations do not necessarily take the employee outside his employment. ■ Any reasonable doubts as to whether the act is contemplated by the employment, in view of this state's policy of liberal construction in favor of the employee, should be resolved in favor of the employee (*Industrial Indem. Co.* v. *Industrial Acc. Com.,* 95 Cal.App.2d 804 [214 P.2d 41]).

■ Presumably, the applicant would not have been at Foster's Restaurant at Seventh and Market Streets at 1:45 a.m. had she not been working on a late night shift. She was drinking coffee because she had been driving a bus and would be again in a short time. Thus, she was exposed to the danger she encountered as a Greyhound employee. Since she was paid during this time, her employment continued during such time and all of the cases dealing with injuries and assaults during employment are applicable (*Pacific Indemnity Co.* v. *Industrial Acc. Com.,* 86 Cal.App.2d 726 [195 P.2d 919]; *Truck Ins. Exch.* v. *Industrial Acc. Com.,* 147 Cal. App.2d 460 [305 P.2d 55]; *California Cas. Indem. Exch.* v. *Industrial Acc. Com.,* 21 Cal.2d 461 [132 P.2d 815]; 1 Larson's Workmen's Compensation Law, p. 112). ■ We conclude that the applicant's injuries occurred in the course of and arose out of her employment.

The award is affirmed.

Shoemaker, P. J., and Agee, J., concurred.