[S. F. No. 22572.   In Bank.   Dec. 18, 1967.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD and JOHN RAYMOND CARDOZA, Respondents.

T. Groezinger, Loton Wells and F. G. Loughrey for Petitioner.

Everett A. Corten, Rupert A. Pedrin and Edward S. Ardzrooni, Jr., for Respondents.

BURKE, J.—Petitioner seeks annulment of an award of workmen's compensation benefits to an employee of its insured. As will appear, we have concluded that contrary to petitioner's contention the evidence supports the determination that the injury arose out of and was incurred in the course of the employment, and hence was compensable.

John R. Cardoza, then aged 23, entered the employment of Poso Canal Company on March 17, 1964, as a mechanic. On July 18, 1964, he and three fellow employees decided to swim in a nearby canal owned by another company. It was 105 degrees in the shade, some 109 or 110 degrees inside the shed where they were working, and about 3 o'clock in the afternoon. Cardoza dived into the water from the canal bank, struck his head, and suffered injuries for which the award here at issue was made.

Cardoza testified that Poso employees were accustomed to take coffee breaks or work breaks, as respites from their labors. Such breaks were taken on or off Poso premises, and for varying lengths of time. On the day of the accident, he had had no prior afternoon break. The work shift was scheduled to end at 4:30 p.m., from which it may be inferred that the four swimming employees intended to return to work. The canal in which they swam was 200 feet from the shed in which they were working, and 20 feet from Poso property. A road ran from the shed to the canal, and along the canal bank. Poso sometimes parked equipment on the bank of the canal and Cardoza and other employees on occasion worked on it there.

Cardoza had not previously gone swimming on company time or seen fellow employees do so, but they had discussed the subject two or three times and other employees had stated that they had gone swimming during working time. One of them, the son of the foreman, was in the group with which Cardoza went to swim on the day of the injury. Cardoza testified further that two or three weeks after he had started

working for Poso the foreman had told him "That if we do go swimming on company time, to do [*sic*] not let no one see you doing it," but that he, Cardoza, had "been with employees, when you work and get all muddy, you do go in the canal and clean off, wash off the mud . . . ."

There was also testimony that on at least one occasion prior to Cardoza's employment the foreman had allowed employees to wade and swim in a neighboring canal, to wash off mud and grime, but that the foreman had previously told the employees it was against company rules to go swimming.

Respondent board adopted findings of the trial referee that Cardoza's injury arose out of and occurred during the course of his employment, based in turn on the referee's determination that: the injury took place on a coffee break during which Cardoza was being paid by Poso, his supervisor had told him if he swam not to get caught which Cardoza could have inferred meant you can swim during coffee breaks but keep it quiet, other employees had gone swimming in the canal on company time prior to the injury, Cardoza was never instructed not to go swimming on his coffee break, swimming was contemplated by the employment and was impliedly consented to by Poso. The referee further noted that the temperature on the day in question was approximately 105 degrees, from which it could be inferred that the cooling effect of the swim would have been an aid to employment.

Petitioner urges that annulment of the award is required under the ruling of *Liberty Mut. Ins. Co.* v. *Industrial Acc. Com. (Dahler)* (1952) 39 Cal.2d 512 [247 P.2d 697]. However, in *Dahler* the employee was injured while engaged in an independent personal recreational activity on his own free time, while in the present case the employee's activity took place on time for which he was drawing pay from the employer and was in company with other employees also seeking the cooling relief from the heat, during the work break period. ▮ As stated in *California Cas. Indem. Exchange* v. *Industrial Acc. Com. (Cooper)* (1943) 21 Cal.2d 751, 758 [4] [135 P.2d 158], "It is not indispensable to recovery that at the time of the injury an employee must be rendering service to his employer. Acts of the employee for his personal comfort and convenience while at work, such as taking a drink of water, lighting a cigarette, warming himself, etc., do not interrupt the continuity of the employment, and this

exception is not limited to acts performed on the employer's premises.''

Thus in *Western Greyhound Lines* v. *Industrial Acc. Com. (Brooks)* (1964) 225 Cal.App.2d 517 [37 Cal.Rptr. 580], the court after reviewing prior California decisions in situations similar to that now presented, affirmed an award in favor of a busdriver who in accordance with a practice known to the employer left the premises to have coffee in a nearby restaurant, during layover time for which she was paid, and was there attacked and injured. The fact that coffee was available at a snack bar on the employer's premises was held insufficient to defeat recovery.

These holdings are in accord with the ''personal comfort'' doctrine, under which the course of employment is not considered broken by certain acts relating to the personal comfort of the employee, as such acts are helpful to the employer in that they aid in efficient performance by the employee. On the other hand, acts which are found to be departures effecting a temporary abandonment of employment are not protected. (Comment, *Workmen's Compensation: The Personal Comfort Doctrine* (1960) Wis.L.Rev. 91; see also *Fireman's Fund etc. Co.* v. *Industrial Acc. Com. (Elliott)* (1952) 39 Cal.2d 529, 535 [247 P.2d 707].)

In the present case the evidence supports the inference that some swimming on company time in the nearby canal, although not encouraged, would be tolerated, and that on a day of extreme heat such as here involved the cooling effect of the swim during a permitted work break would improve efficiency of the employees. Under such circumstances, and in the light of the established principle of liberal construction in favor of the employee (*Reinert* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 349, 354 [294 P.2d 713]; *California Cas. Indem. Exchange* v. *Industrial Acc. Com. (Cooper)*, *supra*, 21 Cal.2d 751, 760), the award of benefits should not be disturbed.

The award is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.