[Civ. No. 33461.   Second Dist., Div. Four.   Feb. 11, 1969.]

LARRY C. NICHOLS, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD and WESTERN ELECTRIC COMPANY, INC., Respondents.

Levy, DeRoy, Geffner & Van Bourg and Ernest Sroloff for Petitioner.

Everett A. Corten, Sheldon M. Ziff, Lawler, Felix & Hall and Kenneth B. Wright for Respondents.

JEFFERSON, J.—An applicant seeks review and annulment of a decision of the Workmen's Compensation Appeals Board denying his claim of industrial injury.

The applicant, an employee of Western Electric Co., injured a finger during his afternoon 15-minute break while playing catch with a softball with some other employees on the front lawn of Pacific Telephone Co., where he was working installing telephone equipment. It was stipulated that as the result of the injury he suffered permanent disability of 3¼ percent.

He testified that, while it was the first time he had played catch during one of his two morning and afternoon paid

breaks, he had done so in the past during his lunch periods; that he was never told not to play ball during the break or lunch periods. His supervisor testified that he worked out of the home office and visited the job site only once every two or three days; he was not present when the injury occurred and had no knowledge of ball playing by the employees at any time; he was not aware of any company regulation prohibiting employees from playing ball during a break.

The referee found that the injury did not arise out of or occur in the course of the applicant's employment. Reconsideration was denied by the appeals board. The conclusion of the referee and of the board was that the activity was not in the course of employment because it was not an act for personal convenience or comfort reasonably to be anticipated by the employer and thus not an incident of the employment.

In *State Comp. Ins. Fund* v. *Workmen's Comp. App. Bd.*, (*Cardoza*) 67 Cal.2d 925 [64 Cal.Rptr. 323, 434 P.2d 619], the court upheld an award of workmen's compensation benefits to an employee for injuries sustained while swimming on a hot day on company time in a canal near the work premises, the court finding that the evidence supported the conclusion that some swimming during work breaks, although not encouraged, was tolerated and would improve the efficiency of the employees. The court pointed out that under the "personal comfort" doctrine, ". . . the course of employment is not considered broken by certain acts relating to the personal comfort of the employee, as such acts are helpful to the employer in that they aid in efficient performance by the employee. On the other hand, acts which are found to be departures effecting a temporary abandonment of employment are not protected." (67 Cal.2d at p. 928.)

Recapping the evidence in the instant case, it is undisputed that the injury occurred during a paid rest or "coffee break." It occurred while the applicant was engaged with other employees in a mild form of exercise on the front lawn. He testified that they had previously engaged in that form of exercise during lunch periods and had not been told they could not do so. His supervisor, although testifying that he was not aware such activity took place and was not present at the time, indicated that he visited the job site only periodically and stated that he knew of no company rule prohibiting it.

We conclude that the undisputed facts compel the conclusion that applicant's injury occurred while he was engaged in

an activity for personal convenience or comfort which was not prohibited but, rather, reasonably to be anticipated; that consequently, the injury occurred in the course of his employment.

The order denying petitioner's claim is annulled and the case is remanded for further proceedings consistent with the views expressed herein.

Files, P. J., and Dunn, J., concurred.