[Civ. No. 56773. Second Dist., Div. Three. Mar. 25, 1980.]

SYLVIA GUTIERREZ, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
PETOSEED COMPANY, INC., Defendant and Respondent.

COUNSEL

Irachmil B. Taus II and Larry Ball for Plaintiffs and Appellants.

Kosmo, Walsh & Cho and Kenneth R. Brown for Defendant and Respondent.

OPINION

**COBEY, Acting P. J.**—Plaintiffs, Sylvia Gutierrez, a minor, by her guardian ad litem, Ruben E. Gutierrez, Lilia Gutierrez, Valia Rios, Amparo Rios, and Maria Rios, appeal from a summary judgment in their personal injury action in favor of a defendant herein, Petoseed

Company, Inc., a corporation (hereafter Petoseed).[1] The summary judgment was apparently granted plaintiffs' insured employer, Petoseed, on the basis that, since plaintiffs' injuries were sustained during a lunch break on their employer's premises, these injuries were compensable by Petoseed exclusively under the workers' compensation law. (Lab. Code, div. 4.)[2] We agree and will affirm for reasons that follow, although this precise question appears to be one of first impression in the courts of this state.

FACTS

The injuries sued upon of the five plaintiffs occurred when each simultaneously fell on Bell Ranch (which was under lease to Petoseed) from a pickup truck they had boarded during an uncompensated lunch break on April 17, 1974. Each plaintiff was then a member of a work crew of Petoseed engaged in planting bell peppers. At the time of the accident the truck, at the direction of the employer, was being backed into the shade to protect the seedlings on it. Petoseed was then appropriately insured against workers' compensation liability. (See Lab. Code, § 3700, subd. (a).)

DISCUSSION

Labor Code section 3601, subdivision (a), provides, generally, that, as against an appropriately insured employer (see Lab. Code, § 3706), the right to recover workers' compensation for a compensable injury shall be the exclusive remedy for such injury. Labor Code section 3600, states this same limitation in different language. (See *Duprey* v. *Shane* (1952) 39 Cal.2d 781, 789-790 [249 P.2d 8]; *Shook* v. *Jacuzzi* (1976) 59 Cal.App.3d 978, 980 [129 Cal.Rptr. 496].)

As pointed out in IA Larson, Workmen's Compensation Law, sections 21.00 and 21.21(a), employees who, within the time and space limits of their employment, engage in acts which minister to their

---

[1] We treat this appeal (actually taken from a nonappealable order for summary judgment (see *Integral Land Corp.* v. *Anderson* (1944) 62 Cal.App.2d 770 [145 P.2d 364])) as being instead from the summary judgment herein, entered nunc pro tunc at our suggestion, after the notice of appeal herein was filed. (See Cal. Rules of Court, rule 2(c).)

[2] Each of the plaintiffs herein apparently initiated workers' compensation proceedings in 1975, but then subsequently (with the apparent exception of Valia Rios) took their respective cases off calendar.

personal comfort do not thereby ordinarily leave the course of their employment, and therefore injuries occurring on the premises of the employer (as opposed to merely the work stations of the employees (see *North American Rockwell Corp.* v. *Workmen's Comp. App. Bd.* (1970) 9 Cal.App.3d 154, 159-160 [87 Cal.Rptr. 774])) during a regular lunch break arise within the course of employment, as being incidental to such employment (see also 2 Hanna, Cal. Law of Employee Injuries & Workmen's Compensation (2d ed. 1979 rev.) § 9.02 (3)(c)), even though the lunch break is technically outside the regular hours of employment, is uncompensated, and the employees are not then, generally speaking, under the control of their employer. ■ ■■■ This personal comfort doctrine of compensability has long been recognized in California, even with respect to injuries to employees occurring off the premises of their employers (see *State Comp. Ins. Fund* v. *Workmen's Comp. App. Bd.* (1967) 67 Cal.2d 925, 926-928 [64 Cal.Rptr. 323, 434 P.2d 619]; *Cal. Cas. Ind. Exch.* v. *Ind. Acc. Com.* (1943) 21 Cal.2d 751, 758 [135 P.2d 158]; *Western Pipe etc. Co.* v. *Ind. Acc. Com.* (1942) 49 Cal.App.2d 108, 110-111 [121 P.2d 35]), and while an injury off the premises during an uncompensated lunch break may not be compensable (see *Mission Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1978) 84 Cal.App.3d 50, 57 [148 Cal.Rptr. 292]), such an injury on the employer's premises clearly is.[3]

## DISPOSITION

The summary judgment under appeal is affirmed.

Allport, J., and Potter, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 4, 1980.

---

[3]At the request of appellants, we held this case over for supplemental briefing. In their supplemental brief they contend that the policy of liberal construction enjoined upon reviewing courts by Labor Code section 3202, requires that in this case their injuries be ruled noncompensable because so doing would entitle them to a potentially greater recovery herein. But to do so would constitute a misreading of section 3202 since it calls for a liberal construction of the Workers' Compensation Law in order to extend (rather than to deny) its benefits to claimants thereof even when greater potential benefits could otherwise be recovered in a civil action like this one. (See *Freire* v. *Matson Navigation Co.* (1941) 19 Cal.2d 8, 10 [118 P.2d 809]; *Eckis* v. *Sea World Corp.* (1976) 64 Cal.App.3d 1, 6 [134 Cal.Rptr. 183].)