[No. AO022203. First Dist., Div. One. Dec. 23, 1983.]

IDA MAE DUNCAN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, GREYHOUND
TEMPORARY PERSONNEL et al., Respondents.

COUNSEL

Airola & Williams and Barry J. Williams for Petitioner.

John W. Moore and Hanna, Brophy, MacLean, McAleer & Jensen for Respondents.

OPINION

**NEWSOM, J.**—We granted a writ of review in order to determine whether the Workers' Compensation Appeals Board (board) properly applied the "going and coming rule" and the "personal comfort doctrine." Concluding that the board erred in its decision to deny compensation, we annul its order.

In relevant part the factual background is as follows.

Ida Mae Duncan worked for Greyhound Temporary Personnel (Greyhound) as the bookkeeping manager of its San Francisco office. She was a salaried employee, paid for an eight and one-half hour workday during which she was supposed to have two short breaks and a third, half-hour break for lunch. The evidence shows her to have been the person in charge of the San Francisco office.

In practice, Mrs. Duncan seldom if ever took the short breaks, and only occasionally took time off for lunch, "[b]ecause usually there wasn't time, just always questions coming up and phones ringing."

On April 9, 1981, as Mrs. Duncan put it, "nothing was balancing, there was quite a few phone calls [*sic*] with problems and . . . it was just very hectic," and she had worked continuously from before her normal starting time of 8:30 a.m. until about 12:45 p.m. At that time, she testified, "I thought I better get out and get some fresh air. . . . I just felt that I had to get out before I would start yelling at somebody, you know, on the phone." She thereupon decided to go to a restaurant a few blocks away for lunch. As she walked across the street, a brick crumbled beneath her foot and she fell, shattering her right elbow. As a result of the injury, the range of motion of her right hand became greatly reduced: both her own and Greyhound's physicians concluded that she was permanently and totally disabled from work that requires writing or typing.

In denying compensation, the workers' compensation judge reasoned that, as a general rule, "off premises" injuries are not compensable and that the facts did not bring the subject injury within any exception to the general rule: the act in which the employee was engaged occurred during an "uncompensated" lunch break which did not contribute directly or substantially to the employer's benefit.

On Mrs. Duncan's petition for reconsideration, the board adopted the opinion of the judge and denied the petition.

The facts of the case raise two widely recognized workers' compensation rules, the "going and coming rule" and the "personal comfort doctrine."

Generally, injuries suffered off the employers' premises while the employee is traveling to or from work are not compensable. (2 Witkin, Summary of Cal. Law (8th ed. 1973) Workmen's Compensation, § 116, p. 947; see also, 2 Hanna, Cal. Law of Employee Injuries & Workmen's Comp. (2d ed. 1983) § 9.03[1][a], pp. 9-23—9.24; 1 Larson, Workmen's

Comp. Law (1982) § 15.51, pp. 4-91—4-93.) This "going and coming rule" is regularly applied to off-premises lunchtime injuries. (See 1 Larson, *supra,* § 15.51, p. 4-91.)

However, under the going and coming rule, compensation will be awarded if the employee was being paid at the time he suffered the off-premises injury. (2 Witkin, *supra,* § 119, p. 950; 1 Larson, *supra,* §§ 15.52, 15.54, pp. 4-101, 4-114.)[1] Conversely, off-premises lunchtime injuries are not compensable when the employee was not paid during the lunch break. (*Mission Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1978) 84 Cal.App.3d 50, 53-57 [148 Cal.Rptr. 292]; see also *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (*Swift*) (1983) 145 Cal.App.3d 418, 421 [193 Cal.Rptr. 374].)

■ The personal comfort doctrine provides, generally, that compensation extends to injuries suffered while the employee is engaged briefly and during work hours in a personal act which is necessary or helpful to his comfort or convenience. (2 Witkin, *supra,* § 132, pp. 961-962; 2 Hanna, *supra,* § 9.03[2][a], pp. 9-30, 9-31; 1A Larson, *supra,* §§ 21.00, 21.23, pp. 5-4, 5-19, 5-20.) The personal comfort doctrine is not strictly limited to injuries suffered on the employer's premises (cf. *State Comp. Ins. Fund* v. *Workmen's Comp. App. Bd.* (*Cardoza*) (1967) 67 Cal.2d 925 [64 Cal.Rptr. 323, 434 P.2d 619]; *Fremont Indemnity Co.* v. *Workers Comp. Appeals Bd.* (1977) 69 Cal.App.3d 170 [137 Cal.Rptr. 847]), and whether it applies will depend upon whether the acts "are helpful to the employer in that they aid in efficient performance by the employee." (*State Comp. Ins. Fund* v. *Workmen's Comp. App. Bd.* (*Cardoza*), *supra,* 67 Cal.2d at p. 928.) Its limit is reached when the acts "are found to be departures effecting temporary abandonment of employment . . . ." (*Id.;* see also, generally, 1A Larson, *supra,* § 21.00, p. 5-4.)

■ Both the workers' compensation judge and the board appear to have simply assumed that, since Duncan was salaried, her lunch breaks were "uncompensated"; accordingly, they applied the no-recovery rule stated in

---

[1]One leading authority implied that the fact of payment at the time of injury will support an award only if it is "hourly" payment. (2 Hanna, *supra,* § 9.03[1][a], p. 9-31, fns. 42, 44.) This distinction is not recognized by the other writers and may merely represent proof of Hanna's effort to account precisely for a holding rendered by this court in *Western Pipe etc. Co.* v. *Ind. Acc. Com.* (1942) 49 Cal.App.2d 108 [121 P.2d 35]. As we explain *infra,* there is no reason to distinguish between "hourly" and "salaried" employees in this respect.

*Mission Ins. Co.* v. *Workers' Comp. Appeals Bd., supra,* 84 Cal.App.3d 50.[2]

We think the central question is whether a salaried employee is "paid" during an authorized but unscheduled lunch break.

Our research has discovered no express California case in point.[3] The closest legal authority we can find appears in an Alabama case in which the court adopted the view that a salaried employee working an eight and one-half hour day which included an unspecified half-hour lunch break was being paid during lunch. (Cf. *Union Camp Corporation* v. *Blackmon* (1972) 289 Ala. 635 [270 So.2d 108, 110].)

That this concept reflects the reality of the workplace is well illustrated by the facts of the instant case. As a matter of practice Greyhound permitted about one hour a day of break time, although, in fact, the nature of the job was such that Mrs. Duncan seldom if ever enjoyed a full hour. On a typical day she would work through all three break periods, and there is no evidence that Greyhound disapproved of this practice, or that any company practice could reasonably have alerted Mrs. Duncan that her salary did not cover the break periods. Accordingly, and particularly in view of the liberal policy of the workers' compensation law, it is a fair inference that her salary was apportioned equally over the entire eight and one-half hour work day.

Since, therefore, at the time of her injury Mrs. Duncan was being paid, we conclude that she is entitled to workers' compensation benefits.

In the light of this conclusion it becomes unnecessary for us to determine whether the subject injury was also compensable under the personal comfort doctrine. We will observe, however, that compensation would not necessarily be denied merely because the employee intended to spend some 30 minutes having lunch while she was "get[ting] some fresh air." (Cf. 2 Witkin (1982 supp.), *supra,* § 132, p. 81; see also *Gutierrez* v. *Petoseed*

---

[2]The assumption might have been based on this court's holding in *Western Pipe etc. Co.* v. *Ind. Acc. Com., supra,* that service to the employer continues, and lunchtime injuries are therefore compensable, "When the employer pays the employee *at an hourly rate* during his meal hours, . . ." (49 Cal.App.2d at p. 112, italics added.)

Nothing in logic or in the facts of *Western Pipe* would suggest making compensation follow where the employee is paid at an *hourly* rate, but not when he is paid at some *other* rate. To the extent *Western Pipe* implied a contrary view, we now disapprove it.

[3]In some cases the courts have, without discussion, simply drawn the inference opposite to that drawn by the judge in this case, i.e., that when a break period is contemplated in the employment relationship, the employee is being paid during the break. (See, e.g., *Fremont Indemnity Co.* v. *Workers' Comp. Appeals Bd., supra,* 69 Cal.App.3d 170.)

*Co.* (1980) 103 Cal.App.3d 766, 768-769 [163 Cal.Rptr. 313]; *Western Greyhound Lines* v. *Industrial Acc. Com.* (1964) 225 Cal.App.2d 517, 519-521 [37 Cal.Rptr. 580].)

The order denying compensation is annulled and the case is remanded for disposition in accordance with this opinion.

Racanelli, P. J., and Holmdahl, J., concurred.

The petition of respondents Greyhound Temporary Personnel and Travelers Insurance Company for a hearing by the Supreme Court was denied February 16, 1984.