[No. G006528. Fourth Dist., Div. Three. July 28, 1988.]

TOM McFADDEN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, MASTER
PROTECTION COMPANY et al., Respondents.

**COUNSEL**

Baziak & Winters and Ronald S. Winters for Petitioner.

Gray & Prouty, Ronald D. Bremen and Bill K. Gray for Respondents.

**OPINION**

**SONENSHINE, J.**—Tom McFadden sustained injuries to his back, neck and hip while returning to work after an off-premises lunch with his supervisor and a coemployee. The workers' compensation judge determined McFadden was injured in the course of his employment and awarded benefits. The appeals board reversed. We conclude the board erred and annul its order.

I

Master Protection Company (Master) employed McFadden as an outside salesman. He received a flat monthly salary of $2,350 including a $350 car allowance. McFadden shared an office at Master's headquarters with a secretary and four other salesmen, but he spent most of his days outside the office making sales calls and maintaining client relations. His scheduled work hours were from 8:30 a.m. until 4:30 or 5 p.m., but Master had not designated any particular hours during which he was expected to take breaks or have lunch. McFadden, however, had discovered his lunch break

was an ideal time to discuss work-related matters, and he commonly joined his supervisors and fellow employees for business lunches away from the office.

On the day of the accident, McFadden had been invited to lunch by a coworker, Kathy Severence. She had suggested they meet to discuss problems with respect to installation of a particular fire alarm system. Severence drove McFadden and their supervisor, Robert Nichols, to the restaurant in her car. Nichols testified that he recalled "no one saying that it was a business lunch" and he "tries not to talk business at lunch." But he also testified, "It's common for it [business] to be discussed"; he did not contradict McFadden's recollection the three of them did discuss business.

## II

McFadden sustained serious injuries when an uninsured motorist struck Severence's automobile on their return to the office. The workers' compensation judge, relying on *Duncan* v. *Workers' Comp. Appeals Bd.* (1983) 150 Cal.App.3d 117 [197 Cal.Rptr. 474], concluded McFadden's injuries were industrial in origin. He determined compensation was appropriate because Master paid McFadden a salary over his entire workday (i.e., Master compensated McFadden for his lunch hour) and because business was discussed at lunch.

The board disagreed, found the injury was not industrial, and reversed. It determined McFadden had "submitted no evidence that he rendered a service for his employer [during the lunch] or that he was compensated during lunch break." It concluded, "We are not persuaded by [McFadden's] testimony that [he] was required by his employment to go to lunch on the date of injury, or that the lunch had a business purpose. Moreover, we find no evidence that business was actually discussed. As pointed out by Mr. Nichols, it is not unusual for coemployees to eat lunch together or to discuss the work at that time. Such lunches do not constitute a benefit to the employer or an extension of the employment relationship."

 The board has misunderstood the issues and misread the record. McFadden is entitled to compensation benefits under applicable law.

An injury is compensable under the workers' compensation law if it arises "out of and in the course of the employment . . . ." (Lab. Code, § 3600, subd. (a).) Compensation for injuries sustained during uncompensated meal breaks away from the employer's premises is usually denied under the aegis of the "going and coming" rule; the employer-employee relationship is considered suspended during that period because the employ-

er does not pay for the employee's services and the employee provides no benefits in return. (See *Mission Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1978) 84 Cal.App.3d 50 [148 Cal.Rptr. 292].)

However, the rule is different where the employee is compensated during the lunch break. (See *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (1983) 145 Cal.App.3d 418, 421 [193 Cal.Rptr. 374].) In those situations it is "reasonable [to infer] that by such an arrangement the employer has impliedly agreed that service will continue during such period." (*Western Pipe etc. Co.* v. *Ind. Acc. Com.* (1942) 49 Cal.App.2d 108, 112 [121 P.2d 35].) This is true whether the employee is salaried or paid at an hourly rate. (See *Duncan* v. *Workers' Comp. Appeals Bd., supra,* 150 Cal.App.3d 117, 120-121, fns. 1-2; *Western Greyhound Lines* v. *Industrial Acc. Com.* (1964) 225 Cal.App.2d 517 [37 Cal.Rptr. 580].) Furthermore, all doubts as to whether a worker is acting within the course and scope of his employment should be resolved in the employee's favor. (Lab. Code, § 3202; *Parks* v. *Workers' Comp. Appeals Bd.* (1983) 33 Cal.3d 585, 593 [190 Cal.Rptr. 158, 660 P.2d 382]; *Western Greyhound Lines* v. *Industrial Acc. Com., supra,* 225 Cal.App.2d at p. 521.)

The parties agree *Duncan* v. *Workers' Comp. Appeals Bd. supra,* 150 Cal.App.3d 117, correctly states the law. In *Duncan,* the employee had worked as the bookkeeping manager in charge of her employer's San Francisco office. She received a flat salary and was authorized to take two short breaks during the workday and a half-hour for lunch. However, because she was so busy, she "seldom if ever took the short breaks, and only occasionally took time off for lunch . . . ." (*Id.,* at p. 119.)

On the day of the accident she worked from 8:30 a.m. until 12:45 p.m., at which time she decided to leave the building to get some fresh air. She soon decided to go to a nearby restaurant for lunch. On the way, she fell and sustained serious injuries. The workers' compensation judge and appeals board denied compensation on the theory off-premises injuries are not compensable and "the act in which the employee was engaged occurred during an 'uncompensated, lunch break which did not contribute directly or substantially to the employer's benefit." (150 Cal.App.3d at p. 119.)

The Court of Appeal annulled the board's order. It decided "the central question is whether a salaried employee is 'paid' during an authorized but unscheduled lunch break." (150 Cal.App.3d at p. 121.) Relying on a sister state decision, it answered the question in the affirmative: "Our research has discovered no express California case in point. The closest legal authority we can find appears in an Alabama case in which the court adopted the view that a salaried employee working an eight and one-half hour day

which included an unspecified half-hour lunch break was being paid during lunch. [Citation.] [¶] That this concept reflects the reality of the workplace is well illustrated by the facts of the instant case. As a matter of practice [the employer] permitted about one hour a day of break time, although, in fact, the nature of the job was such that [the employee] seldom if ever enjoyed a full hour. On a typical day she would work through all three break periods, and there is no evidence that [the employer] disapproved of this practice, or that any company practice could reasonably have alerted [the employee] that her salary did not cover the break periods. Accordingly, and particularly in view of the liberal policy of the workers' compensation law, it is a fair inference that her salary was apportioned equally over the entire eight and one-half hour workday. [¶] Since, therefore, at the time of her injury [the employee] was being paid, we conclude that she is entitled to workers' compensation benefits."(*Ibid.*; fn. omitted.)[1]

McFadden was authorized to take a lunch break, and he did so on numerous occasions, often with his fellow employees. His supervisor frequently joined him. His break was also unscheduled; because he was an outside salesman, he was free to take lunch (or not) as time and circumstances permitted. Finally, he was a salaried employee, and Master "[did] not notify [him] that his . . . salary did not cover the meal period and was not equally apportioned over the entire work day." (2 Hanna, Cal. Law of Employee Injuries and Workmen's Comp. (2d ed. 1986) Course of Employment, § 9.04[4], pp. 9-61, fn. omitted.)[2]

Master's attempts to distinguish *Duncan* are unavailing. It argues it is not possible to find an implied agreement to apportion McFadden's salary over the entire day because he "offered no testimony regarding the basis for a salary or the hours or times he was expected to work." However, this overlooks McFadden's testimony he was a salaried employee and Master's admission his scheduled work hours were from 8:30 a.m. until 4:30 or 5 p.m. Although Master also claims McFadden must "prove" he was paid during his lunch break, *Duncan* permits him to do that indirectly. McFadden presented a prima facie case under *Duncan,* and Master offered no

---

[1] Other courts have assumed, without discussion, that a salaried employee is paid during break periods when the employment relationship contemplates those idle moments. (See, e.g., *Fremont Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1977) 69 Cal.App.3d 170 [137 Cal.Rptr. 847].)

[2] The result we reach is in accord with the rationale behind the rule. McFadden lunched with other company employees and he testified (without contradiction) they discussed company business. Master benefitted. (See *County of Los Angeles* v. *Workers' Comp. Appeals Bd., supra,* 145 Cal.App.3d at p. 421.) Therefore, we need not reach the broader issue as to whether salaried employees are always entitled to workers' compensation benefits for injuries sustained during any break period.

contrary evidence. He is entitled to relief. (See *Lamb* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 274, 281 [113 Cal.Rptr. 162, 520 P.2d 978].)[3]

The order denying compensation is annulled and the cause is remanded for further proceedings in accordance with the views expressed herein.

Scoville, P. J., and Crosby, J., concurred.

The petition of respondents Master Protection Company and Reliance Insurance Company for review by the Supreme Court was denied October 12, 1988.

---

[3] In light of our conclusion, we need not determine whether McFadden's injury is also compensable under the "personal comfort" exception to the "going and coming" rule. However, the decisions suggest he might be entitled to a determination that his injury was an industrial one under that doctrine as well. (See, e.g., *Fremont Indemnity Co.* v. *Workers' Comp. Appeals Bd., supra,* 69 Cal.App.3d 170; *Rankin* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 857 [95 Cal.Rptr. 275]; *Western Greyhound Lines* v. *Industrial Acc. Com., supra,* 225 Cal.App.2d at p. 520.)