[No. A056963. First Dist., Div. Four. Apr. 21, 1992.]

WOOD PONTIAC CADILLAC et al., Petitioners, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent;
SANDRA GRADO, Real Party in Interest.

## COUNSEL

James, Gack, Bernheim & Freeman, C. Kenneth James, Jr., and Ian Gordon for Petitioners.

No appearance for Respondent.

Thomas R. Kenney for Real Party in Interest.

## OPINION

**PERLEY, J.**—Petitioners Wood Pontiac Cadillac and Estate of James Arthur Bianchi, Deceased, are two of the defendants in an action filed by Sandra Grado and Arthur Grado, arising from personal injuries suffered by Sandra Grado, an employee of petitioner Wood Pontiac Cadillac. In their answer to the complaint, petitioners asserted as an affirmative defense that the action is barred by the exclusive remedy of workers' compensation. Sandra Grado (hereinafter real party) filed a motion for summary adjudication of issues asserting that she was not in the course and scope of her employment when she was injured. Respondent court agreed and granted the motion for summary adjudication. Petitioners have timely filed the instant petition challenging that decision. (Code Civ. Proc., § 437c, subd. (a).)

## FACTS

There is no dispute as to the relevant facts. On January 2, 1990, real party was finance and insurance manager for Wood Pontiac Cadillac. She was paid a percentage of the gross her department produced plus "she earned some flat fees on different insurance policies that she would sell on an individual basis." She was also provided with an automobile and received other fringe benefits such as health insurance and pension or profit sharing.

Real party worked a regular schedule of days from 10:30 a.m. until closing time. She had no regularly scheduled lunch break but would take the break when the press of business permitted. Ordinarily, the employees would not have time to go to a restaurant to eat but would run out and bring food back. On January 2, 1990, she went with her supervisor, Arthur Bianchi, to pick up lunch and bring it back to the car dealership to eat. They went in a car owned by Wood Pontiac and Bianchi drove. On the way, the car was involved in an intersection accident with another car. Bianchi was killed and real party and the driver of the other car were injured.

In granting the motion for summary adjudication, respondent court held that "workers' compensation is not plaintiff's exclusive remedy because: [¶] Plaintiff Sandra Grado was injured during an uncompensated lunch break off the premises of her employer."

## DISCUSSION

With exceptions not relevant here, Labor Code section 3601, subdivision (a), provides that the right to recover workers' compensation for a compensable injury shall be the exclusive remedy for such injury. (See *Gutierrez* v. *Petoseed Co.* (1980) 103 Cal.App.3d 766, 768 [163 Cal.Rptr. 313].)

As explained in 1 Hanna, California Law of Employee Injuries and Workers' Compensation (rev. 2d ed.) sections 4.154[5] and 4.154[6], the going and coming rule generally precludes compensability for off-premises injuries sustained during an *uncompensated* meal break. However, an employee's injuries while traveling to or from a *compensated* meal break are compensable whether the employee is paid at an hourly rate, or is salaried.

The principle that an employee is entitled to workers' compensation when injured off the employer's premises during an authorized lunch break was first applied in cases of employees paid on an hourly basis. (See, e.g., *Western Greyhound Lines* v. *Industrial Acc. Com.* (1964) 225 Cal.App.2d 517 [37 Cal.Rptr. 580].) The logic of applying the same principle to a salaried

worker was explained in *Duncan* v. *Workers' Comp. Appeals Bd.* (1983) 150 Cal.App.3d 117 [197 Cal.Rptr. 474].

In *Duncan, supra,* 150 Cal.App.3d 117, an employee fell and was seriously injured as she was on her way to a nearby restaurant for lunch. The workers' compensation judge and appeals board denied compensation on the theory that off-premises injuries are not compensable and "the act in which the employee was engaged occurred during an 'uncompensated' lunch break which did not contribute directly or substantially to the employer's benefit." (150 Cal.App.3d at p. 119.)

The Court of Appeal annulled the board's order. The court considered that the central question "is whether a salaried employee is 'paid' during an authorized but unscheduled lunch break." (*Duncan* v. *Workers' Comp. Appeals Bd., supra,* 150 Cal.App.3d at p. 121.) The court held that a salaried employee is being paid during the entire workday, including the lunch hour. This is in contrast to an hourly employee who may or may not be paid during meal hours. In the light of this conclusion, the court considered it unnecessary to determine whether the subject injury was also compensable under the personal comfort doctrine.[1]

There is no logical reason why an employee injured on an authorized lunch period should not be entitled to workers' compensation benefits simply because that employee's compensation is calculated on the basis of commissions rather than on a fixed salary. In either situation, the employer has the same demands upon the time of the employee during the workday. Just as it is contemplated that an employee continues to draw salary during authorized break periods, an employee working on commissions continues to accrue

---

[1] *Duncan* was followed in *McFadden* v. *Workers' Comp. Appeals Bd.* (1988) 203 Cal.App.3d 279 [249 Cal.Rptr. 778] where a salaried salesman was injured while returning to work from an off-premises lunch. In *McFadden,* the court noted that it need not reach "the broader issue as to whether salaried employees are always entitled to workers' compensation benefits for injuries sustained during any break period." (203 Cal.App.3d at p. 283, fn. 2.) It was not necessary to reach the issue since the facts in the case were in accord with the rationale behind the rule that an employee is within the course and scope of employment during any break in which he is acting for the benefit of the employer as well as for his own convenience and comfort. (See 1 Hanna, *supra,* § 4.138[3]; 2 Witkin, Summary of Cal. Law (9th ed.) Workers' Compensation, §§ 213, 214.) The *McFadden* court pointed out that the employee had lunched with other company employees and he testified without contradiction that they discussed company business. The *Duncan* court found it unnecessary to determine whether the subject injury was also compensable under the personal comfort doctrine since the employee was compensated during the lunch hour. In the instant case, it is also concluded that it is unnecessary to discuss the general "personal comfort doctrine" since real party was injured on the way to an authorized lunch with her supervisor and there was no evidence or even suggestion that she intended to deviate and engage in an activity totally unrelated to her employment.

those commissions during authorized break periods. That this is so is particularly striking in the instant case since real party was receiving a portion of the gross of her department and it can be assumed that the entire department did not take breaks at the same time.

We conclude that real party was on a compensated lunch break when injured. Workers' compensation is her exclusive remedy. (See *Gutierrez* v. *Petoseed Co.*, *supra*, 103 Cal.App.3d at p. 769.) It follows that respondent court erred in granting real party's motion for summary adjudication.

We issue a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the superior court to vacate its order granting the motion for summary adjudication and to enter a new order denying the motion.

Anderson, P. J., and Poché, J., concurred.

A petition for a rehearing was denied May 21, 1992, and the petition of real party in interest for review by the Supreme Court was denied July 9, 1992. Mosk, J., was of the opinion that the petition should be granted.